SIMS v FIRESTONE TIRE & RUBBER COMPANY

1. EQUITY—TAXATION—SALES TAX—RECOVERY OF TAX—AUTHORIZED
   ACTIVITY—UNJUST ENRICHMENT.

   Recovery by purchasers at retail of state sales taxes which a
   defendant has collected is not permitted where it would subject
   the defendant to a penalty for doing that which he was autho-
   rized to do by both statute and administrative rule, and was
   not unjustly enriched thereby; the equitable principle that
   equity abhors a penalty is applied.

2. TAXATION—STATUTES—SALES TAX—TAXPAYERS—SELLERS AT RETAIL
   —PURCHASERS AT RETAIL.

   The state sales tax is levied upon and collectible from persons
   engaged in making sales at retail, and purchasers at retail are
   not taxpayers for purposes of the state sales tax statutes, and
   are therefore not entitled to bring an action to recover al-
   legedly illegal tax payments (MCLA 205.51 *et seq.*).

3. TAXATION—RECOVERY OF TAXES—STATUTES.

   An action for recovery of taxes paid must be brought against the
   political subdivision to which the tax has been paid (MCLA
   205.72).

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 October 17, 1974, at Detroit.
(Docket No. 18556.) Decided November 7, 1974.
Leave to appeal applied for.

Complaint by Philip C. Sims, Carthan D. Spen-
cer, Nathaniel E. Adams, and Ozell Bankhead
against The Firestone Tire & Rubber Company
and Ned's Auto Supply Company for recovery of
sales taxes. Defendants filed a third-party com-
plaint against the State of Michigan, Department

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 72 Am Jur 2d, State and Local Taxation §§ 1070, 1077–1079.

of Treasury-Revenue Division and Sydney Good-
man, Commissioner of Revenue. Accelerated judg-
ment for defendants. Plaintiffs appeal by leave
granted. Affirmed.

*Joseph Covington,* for plaintiffs.

*Poole, Littell & Sutherland* (by *Richard D.
Grow),* for defendants Firestone Tire & Rubber
Company and Ned's Auto Supply.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James B. Saun-
ders* and *Eileen D. Zielesch,* Assistants Attorney
General, for defendants State of Michigan, Depart-
ment of Treasury-Revenue Division and Sydney
Goodman, Commissioner of Revenue.

Before: Brennan, P. J., and T. M. Burns and
Carland,[*] JJ.

Carland, J. The plaintiffs commenced suit
against the defendants in Wayne County Circuit
Court on June 27, 1972. By their amended com-
plaint, plaintiffs allege that the defendants col-
lected from them a sales tax based in part upon
the sale of intangibles, that is, the cost of labor
and services purchased and to the extent that the
general sales tax act and treasury regulations
promulgated thereunder permit this, the Michigan
constitution is thereby violated.

A third-party complaint was filed by defendants
against the State of Michigan, Department of
Treasury-Revenue Division and Sydney Goodman,
Commissioner of Revenue. This third-party com-
plaint was dismissed on third-party defendants'

---

[*] Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

motion for accelerated judgment. No appeal is pending as a result of this order of dismissal.

On September 17, 1973, an order was entered granting defendants' motion for accelerated and/ or summary judgment. It is this order which is the subject of the present appeal.

It should be noted at the outset that no stenographic record of the hearing upon the granted motion was ever made, nor is there a written opinion of the trial judge. In lieu of the stenographic record, a stipulation for settled record was filed. Our problem is not resolved by such stipulation because contained therein is no reference as to the basis upon which the trial judge acted. Inasmuch as there are raised in this appeal numerous issues, any one of which may have been dispositive of the case below, the failure to have a stenographic record of the trial court proceedings make the appellate court's task most difficult. Because of the grounds upon which we dispose of this appeal, we are of the opinion that no useful purpose would be served should we remand for further findings as authorized by *Potter v Wayne County,* 46 Mich App 174; 207 NW2d 448 (1973).

Because of our disposition, we find it unnecessary to reach either the question as to the propriety of the alleged class action or the question of the constitutionality of that portion of the statute here attacked. We arrive at this conclusion because for the purpose of this decision we determine that even assuming (although we do not decide) that the plaintiffs are before the Court in a properly based "class action" and that the statute and rules promulgated thereunder are unconstitutional, still the plaintiffs in this action are neither equitably nor legally entitled to recover against these defendants.

No claim is here made by the plaintiffs (nor could one be made) that either defendant has, in the collection of the sums here disputed, acted other than as permitted by the provisions of the statute or the rule here complained of. While it is true that at least in certain instances where both material and labor have been sold or furnished, that an amount equivalent to the sales tax has been added to the plaintiffs' bills, with no breakdown indicating that which is labor and that which is tangible property, such course of conduct was permissible conduct and was carried out in good faith. Neither is any claim made that the sums so collected were not remitted to the State of Michigan as a part of the defendants' tax obligation.

"Any person engaged in the business of making sales at retail who is at the same time engaged in some other kind of business, occupation or profession not taxable under this act, shall keep books to show separately the transactions used in determining the tax herein levied. In the event of such person failing to keep such separate books, there shall be levied upon him the tax hereinbefore mentioned equal to 4% of the entire gross proceeds of both or all of his businesses. The taxes levied hereunder shall be a personal obligation of the taxpayer." MCLA 205.52; MSA 7.522.

"Such persons [automobile repairers or garages] shall obtain a sales tax license and pay the tax on their sales of tangible personal property, including such property sold in connection with repair work, labor and service charges are separately itemized, the tax applies to the amount charged for the tangible personal property sold; otherwise, the tax shall apply to the total gross proceeds." Treasury Rule 67.

By reason of the failure to keep separate books, the defendants became liable for a tax on the total gross proceeds of the sale. This they have paid and

have reimbursed themselves by adding the same to the sale price charged the defendants. MCLA 205.73; MSA 7.544 provides in part as follows:

"Nothing contained in this act shall be deemed to prohibit any taxpayer from reimbursing himself by adding to his sale price any tax levied hereunder."

The plaintiffs through the filing of this class action (if such it is) have pursued an equitable remedy. Having sought an equitable refuge, they have subjected themselves to and are bound by all applicable equitable principles. The defendants have not unjustly enriched themselves because they have retained none of the sums complained of but have transmitted them as a tax to the State of Michigan. To permit recovery against the defendants would therefore subject them to the payment of a penalty for doing that which they were authorized to do by both statute and rule. In reaching our decision that the defendants are not equitably liable, we apply the principle that "equity abhors a penalty".

Approaching the question from a purely legal standpoint, we find that the plaintiffs herein seek to recover from the defendants a claimed illegally imposed tax. Through misconception or misreading the plaintiffs argue from the impermissible conclusion that as taxpayers, they have paid an illegal tax and that such tax has been paid to the defendants.

The applicable provisions of the general sales tax act, being MCLA 205.51 *et seq.;* MSA 7.521 *et seq.,* provide in part as follows:

Entitlement. "An act to provide for the raising of additional public revenue by prescribing certain specific taxes, fees and charges to be paid to the state for the privilege of engaging in certain business activities."

* * *

"There is hereby levied upon and there shall be collected from all persons engaged in the business of making sales at retail, as hereinbefore defined, an annual tax for the privilege of engaging in such business equal to 4% of the gross proceeds thereof, plus the penalty and interest when applicable as hereinafter provided, less deductions allowed in sections 4 and 4a." MCLA 205.52; MSA 7.522.

Taxpayer means any person subject to any tax under this act. MCLA 205.51(1)(1); MSA 7.521(1)(1).

It therefore follows that the plaintiffs, being purchasers at retail, have not become subject to nor have they paid any tax under the statute here in question, "for the privilege of engaging in certain business activities". The defendants were subject to the payment of such a tax but not the plaintiffs. The defendants have paid the tax and not the plaintiffs. Having paid the tax, the defendants have only permissibly reimbursed themselves by adding the amount of the tax so paid to the sales price charged the plaintiffs.

What the plaintiffs seek to recover in this action is not an illegally assessed tax, but the purchase price of the goods and labor furnished to them by the defendants. They allege nor prove no grounds for such a recovery.

Again for the purpose of argument, if we hold the plaintiffs to be taxpayers and assume that the tax was paid under protest, such taxes may not be recovered against these defendants. The action must be brought against the political subdivision to which the tax has been paid. MCLA 205.72; MSA 7.543 provides in part as follows:

"If the taxpayer is aggrieved by any decision of the department, he may appeal under the provisions of Act No. 122 of the Public Acts of 1941, as amended, or he

shall be required to pay the amount of taxes, interest and penalties found due by the department and shall be permitted to bring an action in the circuit court in the county in which the business for the privilege of doing which the tax is levied is carried on, to recover the amount of the taxes alleged to have been unlawfully levied upon him. Such action shall be commenced within 90 days after the payment of such tax, penalties and interest so levied and shall be conducted in accordance with the statutes and rules of procedure concerning actions at law.

"In the event any taxpayer is found entitled to recover any sums paid pursuant to the orders of the department as hereinbefore provided, such sums shall be paid from the general fund of the state on order of the department and warrant of the auditor general and deducted from current sales tax collections."

In *National Bank of Detroit v Detroit,* 272 Mich 610; 262 NW 422 (1935), the issue there involved a tax assessed and collected by the defendant against the corporate stock of the plaintiff and recovery was sought for taxes illegally assessed and paid by the plaintiff. By virtue of the applicable statute, the bank became liable for the payment of the tax, with the right to obtain repayment from its stockholders. A question arose as to who was the proper party in interest in an action to recover the taxes paid, the bank or its stockholders? In answer to this question, the Court said on pages 617–618:

"The claim has been made that plaintiff is not the proper party in interest and that suit should have been brought by the owner of the common stock. While the law does provide that all shares in banks should be assessed to owners, 1929 CL 3402(2), it further imposes the duty on the cashier of the bank to pay the taxes on the shares and charge the amount so paid to the owner. 1929 CL 3437. The bank becomes liable for the payment of the taxes, with the right to obtain repayment from

its stockholders. *Eyke v Lange,* 104 Mich 26; 63 NW 535 (1895). If it wrongfully paid taxes illegally exacted under protest, the action for recovery would not be against its stockholders but against the political subdivision to which the tax had been paid."

There as here, a party became liable for the payment of a tax with a right to be reimbursed for the tax so paid, by others. Such reimbursement in the one case was to be made by the stockholders and in the case at bar through an addition of the tax to the sale price. It was therefore held that only the one paying the tax may bring the action and that recovery must be had against the taxing unit. We hold that had the plaintiffs been taxpayers, which they were not, the action should have been brought against the State of Michigan.

For the reasons given, the trial court is affirmed under a finding that it reached the correct result even though that result may have been reached for the wrong reasons.

All concurred.