SIMS v FIRESTONE TIRE & RUBBER COMPANY

Docket No. 56484. Argued November 5, 1975 (Calendar No. 4).—
Decided August 26, 1976.

Philip C. Sims and others brought a class action against The
Firestone Tire & Rubber Company and Ned's Auto Supply
Company for recovery of sales taxes charged by defendants on
services. The Wayne Circuit Court, James Montante, J.,
granted accelerated judgment for defendants. The Court of
Appeals, V. J. Brennan, P. J., and T. M. Burns and Carland, JJ.,
affirmed (Docket No. 18556). Plaintiffs appeal. *Held:*

1. The constitutional and statutory language creating the
sales tax imposes the direct legal incidence of the tax upon the
retailer for the privilege of engaging in the retail business, but
permits the taxpayer to pass the burden of the tax on to the
consumer.

2. The General Sales Tax Act imposes upon retailers the
obligation to keep separate records of taxable sales of tangible
personal property and nontaxable transactions, and imposes a
4% tax on the gross proceeds if separate records are not kept.
Any amount imposed on the retailer in excess of 4% of sales of
tangible personal property must be construed to be a penalty
rather than a tax because of the constitutional limitation of the
tax to 4% of sales of tangible personal property.

3. The General Sales Tax Act defines "tax" to include penal-
ties levied under the act. Retailers who have to pay the penalty
imposed by the act for failing to keep separate records of the
sale of tangible personal property and services rendered are
permitted to reimburse themselves by adding the amount of the
penalty to the sales price of the product.

Justice Williams, Justice Levin concurring, dissented on the
grounds that:

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 68 Am Jur 2d, Sales and Use Taxes § 6.

Validity of provision in tax statute requiring one person to collect
tax imposed upon another. 4 L Ed 2d 1974.

Validity of so-called "sales tax". 110 ALR 1485, s. 117 ALR 846, 128
ALR 893.

[2–5] 68 Am Jur 2d, Sales and Use Taxes § 34.

1. Neither the General Sales Tax Act nor the Constitution authorize imposing a "sales tax" on services and passing the revenue on to the state.

2. The defendants were unjustly enriched because they were able to reduce operating expenditures by not employing a dual accounting system for the sale of goods and for the sale of services and illegally passed on to the consumer the cost of the penalty prescribed in the General Sales Tax Act for not keeping separate books, in violation of the letter and the spirit of the statute.

3. The provision of the General Sales Tax Act that a taxpayer is not prohibited from reimbursing himself by adding to his sale price any tax levied should not be read as authorizing the retailer to reimburse himself from the consumer for penalties assessed on him under the section which imposes a tax on gross proceeds for failure to comply with the requirement that he keep books to show taxable transactions separate from nontaxable transactions.

56 Mich App 440; 224 NW2d 103 (1974) affirmed.

OPINION OF THE COURT

1. TAXATION—SALES TAX—INCIDENCE OF TAX.

The direct legal incidence of the sales tax falls upon the retailer for the privilege of engaging in the retail business, but the law allows the retailer to shift the economic burden of any tax levied to the consumer (Const 1963, art 9, § 8; MCL 205.52, 205.73; MSA 7.522, 7.544).

2. TAXATION—SALES TAX—PENALTY.

Any amount of sales tax levied on a retailer in excess of 4% of sales of tangible personal property because of the retailer's failure to keep separate records of taxable and nontaxable transactions must be construed to be a penalty, because the Constitution limits the sales tax to 4% of sales of tangible personal property (Const 1963, art 9, § 8; MCL 205.52; MSA 7.522).

3. TAXATION—SALES TAX—PENALTY.

Retailers who pay the penalty imposed by the General Tax Act for failing to keep separate records of sales of tangible personal property and the cost of nontaxable services rendered by the retailer may add the penalty imposed to the sales price of the product, because the penalty is included within the definition of tax which may be added by the retailer to the sales price of his product (MCL 205.51, 205.52, 205.73; MSA 7.521, 7.522, 7.544).

Dissenting Opinion

Williams and Levin, JJ.

4. Taxation—Sales Tax—Services—Unjust Enrichment—Constitutional Law.

*Neither the General Sales Tax Act nor the state Constitution authorize imposing a "sales tax" on services and passing the revenue on to the state; a defendant retailer who charged a "sales tax" on services and then passed the revenue on to the state was unjustly enriched because it was able to reduce operating expenditures by not employing a dual accounting system for the sale of goods and for the sale of services and the cost of the penalty prescribed in the act was illegally passed on to the consumer in violation of the letter and spirit of the statute (Const 1963, art 9, § 8; MCL 205.52; MSA 7.522).*

5. Taxation—Sales Tax—Services.

*The provision of the General Sales Tax Act that a taxpayer is not prohibited from reimbursing. himself by adding to his sales price any tax levied should not be read as authorizing the retailer to reimburse himself from the consumer for penalties assessed on him under the section of that act which imposes the tax on the gross proceeds for failure to comply with the requirement that he keep books to show taxable transactions separate from nontaxable transactions (MCL 205.52, 205.73; MSA 7.522, 7.544).*

*Joseph Covington,* for plaintiffs.

*Poole, Littell & Sutherland* (by *Richard D. Grow* and *Jonathan R. Harris),* for defendants.

Lindemer, J. Plaintiffs, on behalf of themselves and a class of similarly situated individuals, originally filed a complaint against "The⁎ Firestone Store" and the State of Michigan to recover $10,000,000. Plaintiffs alleged that they were unlawfully subjected to payments of "sales taxes" on services. Each of the four named plaintiffs alleged the occurrence of a specific transaction at which he was taxed, the cumulative amount of which was less than $4. On November 2, 1972, plaintiffs filed an amended complaint. One day later Circuit

Judge James Montante granted an accelerated judgment to the Department of Revenue of the State of Michigan stating as a reason that the circuit court of Wayne County had no jurisdiction over that defendant. The remaining defendants, now correctly identified as The Firestone Tire & Rubber Company and Ned's Auto Supply Company, then filed a third-party complaint against the State of Michigan, Department of Treasury—Revenue Division and the Commissioner of Revenue alleging that all taxes collected by Firestone and Ned's had been remitted to the State of Michigan and because of this fact, if plaintiffs are entitled to recover against Firestone, then Firestone should be able to recover against the state. On September 17, 1973, Judge Montante entered an order granting defendants' motion for accelerated judgment and/or summary judgment and one day later he entered a judgment dismissing the third-party complaint. Plaintiffs appealed to the Court of Appeals the order of September 17, 1973, granting the summary judgment in favor of Firestone and Ned's. Attorneys for all parties stipulated that the State of Michigan, Department of Treasury is no longer involved as a party to this lawsuit. On November 7, 1974, the Court of Appeals affirmed the decision of the trial judge. 56 Mich App 440; 224 NW2d 103 (1974). Plaintiffs' application for leave to appeal was granted July 23, 1975. We agree with the Court of Appeals that the trial judge properly dismissed the complaint.

The Legislature's power to impose a sales tax is limited by Const 1963, art 9, § 8, which read in 1973:

"The legislature shall not impose a sales tax on retailers at a rate of more than four percent of their gross taxable sales of tangible personal property."

The General Sales Tax Act of 1933, as amended, MCLA 205.51, *et seq.;* MSA 7.521, *et seq.,* contains the statutory scheme which implements the constitutional provision. Section 2 of that act, MCLA 205.52; MSA 7.522, imposes the sales tax as follows:

"There is hereby levied upon and there shall be collected from all persons engaging in the business of making sales at retail, as hereinbefore defined, an annual tax for the privilege of engaging in such business equal to 4% of the gross proceeds thereof, plus the penalty and interest when applicable as hereinafter provided, less deductions allowed in sections 4 and 4a."

The constitutional and statutory language impose the direct legal incidence of the tax upon the retailer for the "privilege" of engaging in retail business. *Federal Reserve Bank of Chicago v Department of Revenue,* 339 Mich 587; 64 NW2d 639 (1954). For the purposes of the act the retailer, not the consumer, is the taxpayer.

It is a generally accepted principle of economics that the cost of production (raw materials, labor, overhead and taxes are examples of such costs) is included in the market price which must be paid by the consumer of the product. The Legislature has recognized this principle. Section 23 of the General Sales Tax Act reads in part:

"No person engaged in the business of selling tangible personal property at retail shall advertise or hold out to the public in any manner, directly or indirectly, that the tax herein imposed is not considered as an element in the price to the consumer. Nothing contained in this act shall be deemed to prohibit any taxpayer from reimbursing himself by adding to his sale price any tax levied hereunder." MCLA 205.73; MSA 7.544.

Thus while retailers are considered to be the taxpayers, the law allows them to shift the economic burden of any tax levied to the shoulders of the consumers.

In essence, appellants argue that the economic burden of the sales tax can only be shifted to the consumer in connection with sales of *tangible personal property.* Appellants object to the practice of the retailer in adding 4% to the cost of a service rendered. Specifically, plaintiffs object to paying a sales tax on such items as a wheel rotation or a wheel balance. Plaintiffs argue that a wheel rotation involves the transfer of no tangible personal property and a wheel balance involves the transfer of tangible personal property (wheel weights) but that the value of the tangible personal property is so minor that it plays no part in the actual price of the service. Firestone contends that § 2 of the act requires that taxes be paid on these transactions and that § 23 of the act permits the taxpayer to pass the burden of the tax onto the consumer. In addition to levying a 4% tax on the sales of tangible personal property, § 2 of the act imposes upon retailers the duty to keep separate records and further imposes a penalty for the failure to keep separate records.

"Any person engaged in the business of making sales at retail who is at the same time engaged in some other kind of business, occupation, or profession not taxable under this act, shall keep books to show separately the transactions used in determining the tax herein levied. In the event of such person failing to keep such separate books, there shall be levied upon him the tax hereinbefore mentioned equal to 4% of the entire gross proceeds of both or all of his businesses. The taxes levied hereunder shall be a personal obligation of the taxpayer." MCLA 205.52; MSA 7.522.

Given the constitutional provision, art 9, § 8, we believe that any amount in excess of 4% of sales of tangible personal property must be construed to be a penalty rather than a tax, otherwise the constitutional provision would be violated. The constitutional provision does not prohibit the Legislature from penalizing the retailer over and above the tax imposed. The question we must resolve is: Does the statutory scheme of the General Sales Tax Act allow a retailer to reimburse himself for any penalty imposed under the act?

Plaintiffs argue that the penalty imposed by § 2 is personal to Firestone and it cannot be passed on to the consumers. Allowing Firestone to reimburse itself. at the consumer's expense effectively shifts the economic burden of the penalty onto the consumer. The retailer, therefore, would be able to relieve himself of the duty to keep separate records imposed by the statute and also relieve himself of the economic burden of the penalty provision. Plaintiffs argue that this amounts to unjust enrichment on the part of defendants by permitting them to avoid personal liability for failure to maintain required bookkeeping procedures and the cost of complying with the statute regarding such bookkeeping.

In discussing unjust enrichment the Court of Appeals said:

"The defendants have not unjustly enriched themselves because they have retained none of the sums complained of but have transmitted them as a tax to the State of Michigan. To permit recovery against the defendants would therefor subject them to the payment of the penalty for doing that which they were authorized by both statute and rule." *Sims, supra,* 444.

The reimbursement provision of § 23 permits the

taxpayer to add to the sales price of his product "any *tax* levied" by the act. Section 1(m) of the act, MCLA 205.51; MSA 7.521, defines the word *tax* as including "all taxes, interest or penalties levied under this act". Given the broad definition of the word "tax", we believe retailers who had to pay the penalty imposed by § 2 for failing to keep separate records, were justified in utilizing the reimbursement scheme contained in § 23.

Several comments about § 23 are in order. First, the statutorily-imposed tax brackets are the only means the retailer can use to reimburse himself. Secondly, the language "no other person other than the state may enrich himself or gain any benefit from the collection or payment of such tax" means that any reimbursement of the tax charged to the customer must be remitted to the state. If use of the tax bracket scheme results in a retailer being reimbursed in excess of his tax liability he must nonetheless remit the excess reimbursements to the state. On the other hand the language "nor shall use of the above brackets relieve the retailer from liability for payment of the full amount of the tax levied by this act" means that if the statutory scheme fails to produce reimbursement in sufficient amounts to meet the tax liability, the retailer must, out of its own pocket, make up the difference in the tax liability. Finally, it must be noted that the statutory tax bracket scheme fluctuates above and below the 4% constitutional limit. The purchase of an item costing 1 to 12 cents imposes no economic burden upon the consumer. The purchase of an item costing 13 cents imposes a 7.69% economic burden upon the consumer. The purchase of an item costing 31 cents imposes a 3.23% burden upon the consumer.

One final comment is in order. Legislation which

was apparently meant to remedy the situation present in this lawsuit was enacted by 1974 PA 39:

"Notwithstanding the provisions of section 2, the labor or service charges involved in maintenance and repair work on tangible property of others shall be separately itemized and the tax applied only to the amount charged for the tangible personal property sold." MCLA 205.55a; MSA 7.526(1).

Plaintiffs, who considered themselves aggrieved by the statutory provisions referred to above, took their arguments for a change in the law before two forums—the Legislature and the courts. Our review of the record leads us to conclude that the decisions of the trial court and the Court of Appeals must be affirmed. While the statutory scheme allowing defendants to reimburse themselves for a penalty may have been unwise, we cannot say it was unlawful for the Legislature to so provide.

As was noted in *Welch v Westran Corp,* 395 Mich 169, 175; 235 NW2d 545 (1975),

"Plaintiffs may dislike the law. They may regard the Legislature as lacking compassion for persons in their position. However, it is the Legislature, not this Court, which is constitutionally empowered to change the law."

1974 PA 39 is an example of a result which can be obtained when aggrieved parties resort to the proper forum to change the law.

Affirmed. No costs, a public question being involved.

KAVANAGH, C. J., and COLEMAN and FITZGERALD, JJ., concurred with LINDEMER, J.

Ryan, J., took no part in the decision of this case.

Williams, J. *(dissenting)*. Plaintiffs paid a "sales tax" on services rendered by Ned's Auto Supply Company and brought a class action against Ned's and the Firestone Tire & Rubber Company.[1] The Court of Appeals in affirming the Wayne Circuit Court's order dismissing the action held that the General Sales Tax Act and administrative orders authorize such a practice and that the defendants were not unjustly enriched because they transmitted the funds to the State of Michigan. 56 Mich App 440 (1974). We granted leave to appeal. I find that the statute does not authorize the imposition of a "sales tax" on services and that the defendants were unjustly enriched. Therefore, I would reverse the Court of Appeals and remand for further proceedings in the trial court.

In examining the relevant statutes, I find no legislative intent for a "sales" tax to be levied on services. Accordingly, the instant retailer's practice—that of charging a sales tax on a service, and then passing such revenue on to the state—was not authorized by statute.[2]

Section 2 of the General Sales Tax Act[3] provides that a retailer must maintain separate books to show taxable transactions separate from nontaxable transactions. Section 2 pertinently provides:

---

[1] A complete background for this case may be found at 56 Mich App 440; 224 NW2d 103 (1974).

[2] In 1974 the Legislature expressly provided that service charges must be separately itemized:

"Notwithstanding the provisions of section 2, labor or service charges involved in maintenance and repair work on tangible property of others shall be separately itemized and the tax applied only to the amount charged for the tangible personal property sold." 1974 PA 39, MCLA 205.55a; MSA 7.526(1).

[3] MCLA 205.52; MSA 7.522.

"Any person engaged in the business of making sales at retail who is at the same time engaged in some other kind of business, occupation, or profession not taxable under this act, shall keep books to show separately the transactions used in determining the tax herein levied."

This section then provides:

*"In the event of such person failing to keep such separate books, there shall be levied upon him the tax hereinbefore mentioned equal to 4% of the entire gross proceeds of both or all of his businesses.* The taxes levied hereunder shall be a personal obligation of the taxpayer." (Emphasis added.)

The imposition of the tax on gross proceeds is a penalty assessed against the retailer for failure to comply with the statutory requirement to keep separate books.

Section 23 of the act[4] provides:

"[n]othing contained in this act shall be deemed to prohibit any taxpayer from reimbursing himself by adding to his sale price any tax levied hereunder."

However, this section should not be read as authorizing the retailer to reimburse himself from the consumer for penalties assessed on him under § 2. To permit such a practice would destroy the deterrent effect of imposing the 4% tax on gross proceeds which clearly was included in § 2 to encourage compliance with the requirement to maintain separate books.[5]

The Court of Appeals found that there had been

---

[4] MCLA 205.73; MSA 7.544.

[5] I am aware that MCLA 205.51; MSA 7.521 defines the word tax to include "all taxes, interest or penalties levied under this act". My Brother Lindemer argues that this definition allows the retailer to reimburse himself for penalties imposed under § 23. However, I cannot believe that the Legislature intended by this definition to

no unjust enrichment because the defendant retailer merely passed the collected funds to the state. However, the retailer was enriched because 1) it illegally passed on to the consumer the cost of the penalty prescribed by § 2 in violation of the letter and spirit of statute, and 2) the retailer was able to reduce operating expenditures by not employing a dual accounting system for the sale of goods and for the sale of services.

I would reverse the Court of Appeals and remand this case to the Wayne Circuit Court for further proceedings not inconsistent with this opinion.

No costs, a public question of first impression being involved.

Levin, J., concurred with Williams, J.

render its own penalty provision ineffective by allowing the burden of the penalty to be shifted to the innocent consumer under the guise of a sales tax.