EARLE EQUIPMENT COMPANY v DEPARTMENT OF TREASURY

Docket No. 69666. Submitted January 4, 1984, at Lansing.—Decided August 7, 1984.

The Earle Equipment Company leases equipment with purchase options to customers and collects and pays use tax on the monthly rental charges. When a customer exercises his purchase option Earle retroactively figures and charges a monthly carrying charge equivalent to simple interest on the original price of the equipment payable at the same time as the balance of the purchase price. The Department of Treasury assessed a sales tax on the carrying charges and Earle petitioned the Tax Tribunal to deny the assessment. The Tax Tribunal upheld the assessment and Earle appealed. *Held:*

Carrying charges under an equipment lease-purchase agreement which are computed retroactively and payable at the time the purchase option is exercised are part of the gross proceeds of the sale and are subject to sales tax under the General Sales Tax Act.

Affirmed.

Taxation — Sales Tax — Carrying Charges — Lease-Purchase Agreements.

Carrying charges under an equipment lease-purchase agreement which are computed retroactively and payable at the time the purchase option is exercised are part of the gross proceeds of the sale and are subject to sales tax under the General Sales Tax Act (MCL 205.51[g], 205.52; MSA 7.521[g], 7.522).

*Pevos & Pevos* (by *Daniel N. Pevos),* for appellant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch*

References for Points in Headnote

68 Am Jur 2d, Sales and Use Taxes § 53.

Sales and use taxes on leased tangible personal property. 2 ALR4th 859.

and *Robert C. Ward, Jr.,* Assistants Attorney General, for appellee.

Before: BRONSON, P.J., and M. J. KELLY and R. S. HOFFIUS,* JJ.

PER CURIAM. The petitioner, a Michigan corporation in the business of selling, renting, and servicing construction equipment, appeals as of right from a decision of the Michigan Tax Tribunal. The tribunal granted the Treasury Department's motion for summary judgment upholding the assessment of sales taxes against the petitioner.

For purposes of this opinion, we accept the following statement of the issue made in petitioner's appellate brief:

"Where a construction equipment dealer leases machines with purchase options and pay all use taxes relating to the rentals received and sales taxes on the balance of the purchase option price, are carrying charges computed retroactively and paid by the lessees at the time the purchase options are exercised excludable from the sales tax?"

The transactions in question are more fully described in appellant's brief as follows:

"Frequently appellant and its lessees enter into agreements which grant to the lessees an option to purchase the leased equipment for a stipulated price, *i.e.,* the original retail selling price, with 100% of the rentals paid to be credited against the purchase price if the option is exercised. The monthly rentals under the leases with purchase options are the same as appellant's usual monthly rental charges for the same equipment, and unless the transaction is otherwise exempt the lessees are billed monthly for use tax equivalent to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

4% of the monthly rental billing. The purchase option agreements also provide for payment of carrying charges equivalent to simple interest on the original price of the equipment. The carrying charges are calculated and determined if and when the lessees exercise their purchase option. The carrying charges are computed retroactively from the date of the leases as if the transactions were initially conditional sale contracts, and are computed on the original principal balances as reduced by the interim rental payments in the same manner that simple interest charges are computed on finance contracts. The carrying charges are comparable to the interest charges which appellant pays its own floor-plan financing sources, and are calculated in order to enable appellant to recoup its financing expenses for the period that the equipment is on lease, before the purchase options are exercised."

Appellant relies on MCL 205.52; MSA 7.522 in arguing that the carrying charges are not taxable. It provides:

"There is hereby levied upon and there shall be collected from all persons engaged in the business of making sales at retail, as hereinbefore defined, an annual tax for the privilege of engaging in such business equal to 4% *of the gross proceeds* thereof, plus the penalty and interest when applicable as hereinafter provided, less deductions allowed in sections 4 and 4a.

"Any person engaged in the business of making sales at retail *who is at the same time engaged in some other kind of business, occupation, or profession not taxable under this act, shall keep books to show separately the transactions used in determining the tax herein levied.* In the event of such person failing to keep such separate books, there shall be levied upon him the tax hereinbefore mentioned equal to 4% of the entire gross proceeds of both or all of his businesses." MCL 205.52; MSA 7.522 (emphasis added).

Earle Equipment contends that the carrying

charges in question are not part of the "gross proceeds" of sales, but payments for a service or, in the statutory language, for transactions of "some other kind of business, occupation, or profession".

The phrase "some other kind of business, occupation, or profession" is not defined in the statute and has not been defined by this Court. It is clear, however, that appellant's collection of carrying charges should not be considered part of another business, occupation, or profession. Appellant does not explain how or why its imposition and collection of the carrying charges is a service or another business, occupation, or profession. Collection of a carrying charge is not at all analogous to the nonsale transaction examined in *Sims v Firestone Tire & Rubber Co,* 397 Mich 469; 245 NW2d 13 (1976), cited by appellant. Firestone sold tires and provided wheel rotation and balancing as a service. Tires clearly can be sold without the service of rotation and balancing. This is not true in the case of the present "carrying charges", where a lessee cannot exercise a purchase option or obtain title to the equipment unless it pays the balance of the "sale price" along with the "carrying charges". In addition, unlike in *Sims,* no task or function is performed by appellant that can logically or practically be separated from the sale at retail, even though separate records may be kept of the carrying charges.

"Gross proceeds" is defined in MCL 205.51(g); MSA 7.521(g), which provides in part:

"(g) 'Gross proceeds' means the amount received in money, credits, subsidies, property, or other money's worth in consideration of sales at retail within this state, without deduction on account of the cost of the property sold, the cost of materials used, the cost of

labor or services purchased, amounts paid for interest or discounts, taxes paid on beer or liquor at time of purchase or other expenses whatsoever, nor shall a deduction be allowed for losses."

The carrying charges here clearly come within the definition of "gross proceeds". The total of the balance of the "sale price" and the "carrying charges" forms the consideration provided by the buyer to obtain the equipment. Title to the equipment is not conveyed until both amounts are paid. The Tax Tribunal correctly determined that the carrying charges were "part of the money, credits, subsidies, property, or other money's worth in consideration of sales at retail".

This statutory definition of "gross proceeds" is also important because it specifically provides that certain costs are not deductible from gross proceeds, including "amounts paid for interest or discounts". In other words, the vendor may not reduce the amount of gross proceeds by the costs sustained in producing or selling the product. The rationale for the provision seems to be that it is the amount of consideration received by the seller that is taxable under the General Sales Tax Act.

Here, the seller's stated purpose in collecting the carrying charges was to recoup the amount the seller had paid for interest on the equipment during the period of time the lease-purchase buyer was leasing the equipment. Whether that amount is separately itemized and labeled "carrying charges" or merely included in a total "price" for the equipment sold, it is clear that it is part of the amount which the buyer must pay to acquire the equipment; it cannot be reasonably viewed as any type of service charge or payment required in "some other kind of business, occupation, or profession". It is an item that is specifically delineated

in the statute which must not be excluded from the amount on which sales tax is paid. It is a component of the price of the product.

Appellant's reliance on *Gardner-White Co v State Bd of Tax Administration,* 296 Mich 225; 295 NW 624 (1941), is misplaced. Contrary to appellant's suggestion, the Supreme Court did not hold that discounts deducted from the retail sales price of goods are not part of "gross proceeds". The Supreme Court was not called on to decide, and did not discuss, discounts deducted from retail sales prices. Rather, *Gardner-White* involved the timing of payment of sales tax in installment payment purchases and the effect on a seller's sales tax liability when a purchaser under such an arrangement defaulted. That case in no way resolves the present appeal.

Affirmed.