MORGAN v CITY OF GRAND RAPIDS

Docket No. 255311. Submitted July 12, 2005, at Lansing. Decided July 26, 2005, at 9:15 a.m. Leave to appeal sought.

Mary Morgan brought an action in the Kent Circuit Court against the city of Grand Rapids, seeking a declaration that the franchise fee paid by her cable company, Comcast, to the city of Grand Rapids, and billed to the subscribers by Comcast, violated the Headlee Amendment of the Michigan Constitution because the franchise fee was a new local tax that was levied without voter approval. The court, Dennis C. Kolenda, J., granted summary disposition for the defendant, ruling that the action was not brought within the one-year period of limitations provided in MCL 600.308a(3). The plaintiff appealed.

The Court of Appeals *held*:

The trial court correctly granted the defendant's motion for summary disposition based on the failure of the plaintiff to bring her Headlee claim within one year from the date the franchise fee was first imposed on Comcast by the city of Grand Rapids.

Affirmed.

BORRELLO, J., concurred in the result only.

LIMITATION OF ACTIONS — HEADLEE AMENDMENT — TAXES PAID INDIRECTLY.

A person who pays a tax indirectly may bring an action to challenge whether the tax violates the Headlee Amendment; such an action is subject to a one-year period of limitations that starts from the time the tax is first imposed (MCL 600.308a[3]).

*Charfoos & Christensen, P.C.* (by *David R. Parker*), for the plaintiff.

*Varnum, Riddering, Schmidt & Howlett LLP* (by *Ronald G. DeWaard, John W. Pestle*, and *Timothy J. Lundgren*) and *Philip A. Balkema* and *Catherine M. Mish*, for the defendant.

Before: O'CONNELL, P.J., and SCHUETTE and BORRELLO, JJ.

O'CONNELL, P.J. Plaintiff[1] appeals as of right the trial court's order granting defendant summary disposition based on plaintiff's failure to bring suit within the one-year period provided in the statute of limitations, MCL 600.308a(3). Plaintiff Morgan is the representative of a proposed class of cable subscribers whom her cable company, Comcast, charged an additional rate to recoup "franchise fees" it paid to defendant pursuant to an agreement dated July 10, 2001. Defendant routed the fee revenues into its general operating fund, giving it nearly $1,425,000 of unallocated revenue in 2002. Defendant only spent about $600,000 in 2003 on local government television programming. Plaintiff claims that the difference between the income and expenditures constitutes an illegal tax contrary to the Headlee Amendment.[2]

Plaintiff first argues that she paid the charge, so her claim accrued when she received her Comcast bill. We disagree. We review de novo a trial court's decision to grant summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Comcast paid defendant a "franchise fee" consisting of five percent of its gross revenues. The five percent fee is specifically permitted by the federal Cable Communications Policy Act, 47 USC 521 *et seq.*, which also

---

[1] Plaintiff Mary Morgan was never granted class certification below, so the singular term "plaintiff" refers to her individually. Furthermore, because there is no class, our holding affects all the claims and disposes of the entire suit.

[2] Specifically, plaintiff claims that the "franchise fee" defendant charges Comcast is a new local tax levied without voter approval contrary to a Headlee provision in the Michigan Constitution. Const 1963, art 9, § 31.

allows cable providers to list separately in their billing statements the amount representing the subscriber's portion of the franchise fee. 47 USC 542. However, the mere listing of the charge on a separate line does not render plaintiff the charge's payer. Rather, plaintiff paid her entire bill according to her contractual obligation to Comcast, which paid the charge to defendant according to the franchise agreement. Defendant had no recourse against plaintiff for any unpaid portion of her bill, so this case is analogous to a sales tax scenario in which the seller passes on the sales tax obligation to the buyer but remains primarily liable to pay the tax. *World Book, Inc v Dep't of Treasury*, 459 Mich 403, 407-408; 590 NW2d 293 (1999); *Sims v Firestone Tire & Rubber Co*, 397 Mich 469, 474; 245 NW2d 13 (1976). In those situations, courts have generally held that the sellers must challenge the illegal taxes directly, and the consumers have no standing to pursue tax relief unless the tax burden potentially interferes with a federal right. See *Nat'l Bank of Detroit v Dep't of Revenue*, 334 Mich 132, 141-142; 54 NW2d 278 (1952), and the cases cited therein. In short, when the tax obligation falls primarily on the retailer, "retailers are considered to be the taxpayers." *Sims, supra* at 474. In this case, Comcast, as the retailer, paid the charge and merely passed the charge's burden onto plaintiff's shoulders.

In *Taxpayers Allied for Constitutional Taxation [TACT] v Wayne Co*, 450 Mich 119, 124-125 n 7; 537 NW2d 596 (1995), our Supreme Court held that individuals who do not pay a tax directly may still challenge whether the tax violates the Headlee Amendment. Const 1963, art 9, § 32. However, the Court noted that the one-year statute of limitations, MCL 600.308a(3), would apply to such a plaintiff and would begin running at the time the offending tax resolution was enacted. *TACT, supra* at 125 n 7. The Court reasoned that "the

only wrong that could give rise to a cause of action is the enactment of the resolution—an action that is not continuing in nature." *Id.* at 124-125 n 7.

Like the situation described in *TACT*, the starting point for the limitations period depends on when the defendant did the alleged wrong. Plaintiff points to the moment she received her bill as the moment of initiation, but the inclusion of the charge on the bill was Comcast's action, not defendant's. Similarly, defendant's collection from Comcast would not initiate the period, because the collection would be a wrong against Comcast, not plaintiff. Following the example in *TACT*, plaintiff's Headlee claim accrued when defendant first imposed the "franchise fee" on Comcast—July 10, 2001. Because plaintiff failed to bring her Headlee claim within one year from that date, the trial court correctly granted defendant's motion for summary disposition.

Affirmed.

SCHUETTE, J., concurred

BORRELLO, J. I concur in the result only.