KRESS *v.* DEPARTMENT OF REVENUE.

1. TAXATION—USE TAX—PRESUMPTIONS.
   The presumption is that property bought outstate for delivery
   in this State is purchased for storage, use or other consump-
   tion in this State and that it is subject to the use tax (CL
   1948, § 205.93).

2. SAME—USE TAX—PRESUMPTIONS—BURDEN OF PROOF.
   The burden of overcoming presumption that property bought out-
   state for delivery in this State is purchased for storage,
   use or other consumption in this State and that it is subject
   to the use tax is upon the purchaser (CL 1948, § 205.93).

3. SAME—USE TAX—EXEMPTIONS—BURDEN OF PROOF.
   Person claiming that property bought outstate for delivery in
   this State is exempt from the use tax has the burden of es-
   tablishing the exemption (CL 1948, § 205.93).

4. SAME — USE TAX — PRESUMPTIONS — EXEMPTIONS — BURDEN OF
   PROOF—WATER SOFTENERS—EVIDENCE.
   Plaintiff who had purchased water softeners outstate and
   brought them into this State and in the course of their usable
   life of approximately eight years used them interchangeably
   for domestic and industrial processing purposes did not sustain
   his burden of overcoming presumption that such softeners
   were subject to the use tax or of establishing an exemption
   from such tax by showing that after use for a substantial
   period of time by the consumer that the softener may or will
   ultimately be deflected to another use in industrial process-
   ing (CL 1948, § 205.93).

REFERENCES FOR POINTS IN HEADNOTES
[1–4] Generally, as to application of use tax, see 47 Am Jur, Sales
   and Use Taxes, §§ 54–56.
[1–4] Constitutionality, construction, and application of general
   use tax or other compensating tax designed to complement
   State sales tax.   129 ALR 222; 153 ALR 609.
[5] 14 Am Jur, Costs, § 91.

5. Costs—Public Question—Use Tax—Water Softeners.
    No costs are awarded in action to determine whether or not
    water softeners, purchased outstate for delivery in this State
    and used interchangeably for both domestic and industrial
    processing purposes are exempt from the use tax, a public
    question being involved (CL 1948, § 205.93).

Appeal from Ingham; Hayden (Charles H.), J. Submitted June 9, 1949. (Docket No. 25, Calendar No. 44,442.) Decided October 10, 1949.

On redetermination of tax in accordance with opinion in *Kress* v. *Department of Revenue*, 322 Mich 590. Judgment for defendant. Plaintiff appeals. Affirmed.

*Kleinstiver & Anderson*, for plaintiff.

*Stephen J. Roth*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *T. Carl Holbrook* and *Daniel J. O'Hara*, Assistants Attorney General, for defendant.

Dethmers, J. Considerable of the factual background of this case is set forth in our opinion in *Kress* v. *Department of Revenue*, 322 Mich 590, in which we upheld the trial court's imposition of use tax upon plaintiff's water softeners purchased outstate and used by plaintiff's patrons for "domestic purposes," but reversed the trial court as to such units as are used by plaintiff's patrons in industrial processing, which we held to be exempt. We remanded the cause to the trial court for determination of the number used for the latter purpose and redetermination of the use tax accordingly. The trial court, upon remand, took testimony, determined that the number of units used in industrial processing amounts to 10 per cent. of the whole and, in consequence, reduced the amount of its previous·

tax determination by 10 per cent., computing it, with penalties, at $1,422.86, for which it entered judgment for defendant. Plaintiff appeals.

Plaintiff testified at the original hearing to the effect that 90 per cent. of the units are used in residences, thus leaving 10 per cent., used in industrial processing as defined in our previous opinion, exempt from the tax. On remand, however, plaintiff testified further that all the units are periodically and recurrently gathered by plaintiff, whether from residential or industrial patrons, commingled, regenerated and placed back in the service of both residential and industrial patrons, indiscriminately, as the need arises, without segregation or allocation as to the 2 classes, and without any record being kept of which class of customer a given unit may have served from time to time in the 8-year period of its useful life; that in the course of a year plaintiff's industrial users will have required unit regenerations to a total of 4,708 times and that he owns but 2,355 units. From this plaintiff concludes that in the 8 years of its useful life every one of his units will undoubtedly, at some time or another, be found to be in use by one of his industrial users. Plaintiff then quotes from *Michigan Allied Dairy Association* v. *State Board of Tax Administration,* 302 Mich 643, the following:

"The question is raised whether the exemption should apply inasmuch as the milk bottles and cans are also used as delivery containers, the latter use not being industrial processing. Without considering the practical disadvantages of using one set of bottles and cans for refrigeration and another for delivery, we believe that the one use of bottles and cans in industrial processing makes them exempt from the general sales and use taxes, notwithstanding the fact that they are also put to another use not in industrial processing.

"Where an article has more than one use, one or more (but not all) of which are within the agricultural producing or industrial processing exemptions, the legislature could have provided that the portion of the value of the article representing its nonexempt uses should bear the tax, but it has not done so."

Applying the quoted language, plaintiff contends that because, as he theorizes, each of his units must at some time or another be used by one of his industrial users, therefore, all of his units are exempt from the tax. We think the *Dairy Case* distinguishable in that there each of the units involved was from the very outset and constantly thereafter used in industrial processing as well as otherwise. Such the plaintiff has not shown to be the case here. The presumption is that property bought outstate for delivery in this State is purchased for storage, use or other consumption in this State and that it is, therefore, subject to the tax. CL 1948, § 205.93 (Stat Ann 1947 Cum Supp § 7.555[3]). The burden of overcoming the presumption or of establishing an exemption rests upon the plaintiff. That burden is not met by proof, much less by a mere suggestion, that the property in question, after use for a substantial period of time by the consumer, may or will ultimately be deflected to another use in industrial processing.

Judgment affirmed. No costs, a public question being involved.

Sharpe, C. J., and Bushnell, Boyles, Reid, North, Butzel, and Carr, JJ., concurred.