## WARTELLA v CITY OF EAST DETROIT

Docket No. 93036. Submitted April 27, 1987, at Detroit. Decided May 14, 1987.

Rudolph A. Wartella applied for the position of director of law for the City of East Detroit. His application was rejected by the city manager because Wartella was not an attorney who had been practicing law for at least five years, as required by the terms of the city charter. Wartella filed a complaint for declaratory judgment against the City of East Detroit in Macomb Circuit Court claiming that the charter provision is invalid because it is at variance with state law and because state law preempts municipal regulation of the practice of law and that the provision violates the Equal Protection Clause of the United States Constitution. The court, George R. Deneweth, J., found that the charter provision does not regulate the practice of law within the City of East Detroit and that, under the rational basis test, the provision does not violate the Equal Protection Clause. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's argument that the charter provision is invalid because state law and the Michigan Supreme Court provide the qualifications of those that may practice law and hold public offices as attorneys in this state is without merit. The charter provision in no way attempts to regulate the practice of law within the City of East Detroit. The provision does not conflict with or contravene the provision of any general law of this state.

2. The charter provision creates a classification that is reasonably relevant to the accomplishment of a valid city purpose. The provision therefore does not violate the Equal Protection Clause of the United States Constitution.

Affirmed.

REFERENCES

Am Jur 2d, Municpal Corporations, Counties, and Other Political Subdivisions §§ 246 *et seq.;* 249, 364.

Am Jur 2d, Statutes §§ 41, 43.

See the annotations in the Index to Annotations under Municipal Corporations.

See the annotations in the Index to Annotations under Statutes.

1. MUNICIPAL CORPORATIONS — CITY ATTORNEYS — LEGAL EXPERI-
ENCE.

A requirement in a city charter provision that applicants for the
position of director of law for the city be attorneys with a
minimum of five years experience in the practice of law is not
an unlawful attempt to regulate the practice of law within the
city but, rather, is to assure experienced and competent legal
counsel for the city.

2. CONSTITUTIONAL LAW — STATUTES — EQUAL PROTECTION ANALYSIS.

The standard for traditional equal protection analysis of a statute
is the rational basis test; under that test, a statute needs only a
rational basis to be valid, and the burden of showing that the
statute does not rest on a rational basis is on the litigant
attacking the enactment; the statute must be upheld unless it
is so lacking in an adequate or reasonable basis as to preclude
an assumption that legislative discretion was exercised, and the
test of reasonableness is satisfied where any set of facts may
reasonably be conceived to justify the legislative discrimination.

*Rudolph A. Wartella,* in propria persona.

*Killebrew & Ihrie* (by *Robert D. Ihrie* and *Mar-
tin I. Caruso*), for defendant.

Before: D. F. WALSH, P.J., and WAHLS and J. R.
GIDDINGS,* JJ.

PER CURIAM. Plaintiff, Rudolph A. Wartella,
appeals the May 28, 1986, order of the Macomb
Circuit Court dismissing plaintiff's complaint for
declaratory judgment and rejecting plaintiff's chal-
lenge to Chapter III, Section 24 of the charter of
defendant City of East Detroit. We affirm.

Plaintiff, a resident of the City of East Detroit,
has been a licensed Michigan attorney since De-
cember 7, 1982. His recent application for the
position of the city's director of law was rejected
by the city manager pursuant to Chapter III,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Section 24 of the city charter, which provides in pertinent part:

> The Director of Law shall be an attorney at law who shall have practiced in the State of Michigan for at least five years.[1]

On February 24, 1986, plaintiff filed a complaint for declaratory judgment, alleging that the charter provision is at variance with state law. He further claimed that the charter provision is invalid because state law preempts municipal regulation of the practice of law. In his "memorandum brief" filed in the circuit court, he additionally alleged that the charter provision violates the Equal Pro-

---

[1] The provision continues:

He shall be the chief legal advisor of and attorney for the City and all departments and offices thereof in matters relating to their official powers and duties. It shall be his duty, either personally or by such assistants as he may designate, to perform all services incident to the Department of Law; to attend all meetings of the Council; to give advice in writing, when so requested, to the Council, the City Manager or the director of any department; to prosecute or defend, as the case may be, all suits or cases to which the City may be a party; to prosecute for all offenses against the ordinances of the City and for such offenses against the laws of the State as may be required of him by law; to prepare all contracts, bonds and other instruments in writing in which the City is concerned, and to endorse on each his approval of the form and correctness thereof; and to perform such other duties of a legal nature as the Council may by ordinance require. In addition to the duties imposed upon the Director of Law by this Charter or required of him by ordinance or resolution of the Council, he shall perform any duties imposed upon the chief legal officers of municipalities by law.

Section 25 provides:

The Council, City Manager, the Director of any department or any officer or Board, not included in any dpeartment, may require the opinion of the City Attorney upon any question involving their respective powers and duties.

tection Clause of the United States Constitution. US Const, Am XIV.

The circuit court found that the charter provision does not regulate the practice of law within the City of East Detroit and that, under the rational basis test, the provision does not violate the Equal Protection Clause.

On appeal, plaintiff urges this Court to find that the charter provision is invalid because "state law and the Michigan Supreme Court provide the qualifications of those that may practice law and hold public offices as attorneys in this state." This argument is totally lacking in merit. Plaintiff cites no authority which supports his claim that statutory qualifications for judges[2] and county prosecutors[3] should, "by analogy," limit municipal control over the qualifications of local, appointive offices.[4] And, as found by the circuit court:

> The Charter provision in no way attempts to regulate the practice of law within the City of East Detroit. The Charter provision does provide minimum standards for the attorney the city chooses to hire and employ in a consensual attorney-client relationship. Plaintiff has not cited a state statute setting forth qualifications for heads of municipal law departments. Consequently, the Court finds that the charter provision, which was adopted

---

[2] E.g., MCL 168.391; MSA 6.1391 (Justice of the Supreme Court); MCL 168.409; MSA 6.1409 (judge of the Court of Appeals); MCL 168.411; MSA 6.1411 (judge of the circuit court); MCL 168.426b; MSA 6.1426(2) (judge of a municipal court); MCL 168.431; MSA 6.1431 (judge of probate), MCL 168.467; MSA 6.1467 (judge of the district court).

[3] MCL 168.191; MSA 6.1191.

[4] Plaintiff does not expressly argue state preemption on appeal. In any event, we find no state statutory scheme which preempts the City of East Detroit's requirement that its director of law be an attorney who has practiced in Michigan for at least five years. See, generally, *People v Llewellyn*, 401 Mich 314, 322-331; 257 NW3d 902 (1977), reh den 402 Mich 954 (1977), cert den 435 US 1008; 98 S Ct 1879; 56 L Ed 2d 390 (1978).

pursuant to the Home Rule Cities Act, MCL 117.1 et seq. [MSA 5.2071 *et seq.*], does not conflict with or contravene the provisions of any general law of this state.[5]

Plaintiff also urges this Court to find that the charter provision fails the rational basis test, the standard for traditional equal protection analysis.[6]

The rational basis test was described by this Court in *In re Contempt of Stone,* 154 Mich App 121, 128-129; 397 NW2d 244 (1986), lv den 426 Mich 854 (1986):

> The statute needs only a rational basis to be valid, and the burden of showing that the statute does not rest on a rational basis is on the litigant attacking the enactment, *Anderson* [*v Detroit,* 54 Mich App 496; 221 NW2d 168 (1974)], *supra,* p 499. The statute must be upheld unless "it is so lacking in an adequate or reasonable basis as to preclude an assumption that legislative discretion was exercised," *Struble v DAIIE,* 86 Mich App 245, 253; 272 NW2d 617 (1978), lv den 406 Mich 885 (1979). The test of reasonableness is satisfied where any set of facts may reasonably be conceived to justify the legislative discrimination, *Morgan v Win Schuler's Restaurant,* 64 Mich App 37, 42; 234 NW2d 885 (1975).

[5] The City of East Detroit is a home rule city. Under the home rule act, a city's ordinances are "subject to the constitution and general laws of this state." MCL 117.4j(3); MSA 5.2083(3). See Const 1963, art 7, § 22, and MCL 117.36; MSA 5.2116 ("No provision of any city charter shall conflict with or contravene the provisions of any general law of the state.")

[6] If a challenged law creates a suspect classification, or hinders or penalizes the exercise of a fundamental constitutional right, it is subject to strict scrutiny and must be shown to be necessary to promote a compelling state interest. See *In re Contempt of Stone,* 154 Mich App 121, 127-128; 397 NW2d 244 (1986), lv den 426 Mich 854 (1986). Plaintiff does not argue that the charter provision creates a suspect classification or that its enforcement affects the exercise of a fundamental constitutional right. We therefore apply the rational basis test upon which plaintiff relies.

See also *Naudzius v Lahr,* 253 Mich 216, 222-223; 234 NW 581 (1931).

In this case, the circuit court responded as follows to plaintiff's equal protection challenge:

> Defendant argues that the objective of the charter provision is to assure experienced and competent legal counsel for the City. The Court has reviewed the charter provision in its entirety and notes that the Director of Law is responsible for handling myriad legal issues ranging from prosecuting ordinance violations to preparation of contracts and bonds.
>
> The Court finds that Chapter III, Section 24 of the Charter of the City of East Detroit creates a classification that is reasonably relevant to the accomplishment of a valid City purpose. The charter provision does not violate the Equal Protection Clause of the United States Constitution.

We agree.
Affirmed.