KELLOGG COMPANY v DEPARTMENT OF TREASURY

Docket No. 136323. Submitted February 9, 1994, at Lansing. Decided April 5, 1994, at 9:20 A.M.

Kellogg Company brought an action in the Court of Claims against the Department of Treasury, seeking a refund of use taxes paid under protest for aircraft purchased outside, and brought into, the State of Michigan. The court, Peter D. Houk, J., granted summary disposition for the department. The plaintiff appealed.

The Court of Appeals *held:*

1. Section 3(1) of the Use Tax Act, MCL 205.93(1); MSA 7.555(3)(1), provides in part that tangible personal property purchased outside the state and brought into the state within ninety days of purchase is presumed to have been acquired for use in the state and therefore subject to the use tax. Section 2(b), MCL 205.92(b); MSA 7.555(2)(b), in part defines "use" as the exercise of a right or power over tangible personal property incident to the ownership of that property. Here, an unrebutted presumption of taxability arose because the aircraft in question were brought to Battle Creek, Michigan, within ninety days of their purchase and were "used" within the meaning of the Use Tax Act when the plaintiff exercised its rights and powers of ownership in determining to register the aircraft in Michigan and keep them in a hangar in Battle Creek.

2. Section 4(b), MCL 205.94(b); MSA 7.555(4)(b), exempts from the use tax property for which the imposition of the use tax would violate the constitution or laws of the United States or the constitution of this state. The Commerce Clause of the United States Constitution, US Const, art I, § 8, cl 3, forbids states from burdening through taxation interstate commerce or its essential instrumentalities. A state tax does not violate the

REFERENCES

Am Jur 2d, Sales and Use Tax §§ 188, 190-192, 194, 198, 204-209, 214; State and Local Taxation §§ 82, 96, 103, 104, 157-159, 177.

Items or materials exempt from use tax as used in manufacturing, processing, or the like. 30 ALR2d 1439.

State sales or use tax as violating equal protection clause of Federal Constitution's Fourteenth Amendment—Supreme Court cases. 86 L Ed 2d 735.

Commerce Clause where the activity taxed has a substantial nexus to the taxing state, and the tax is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to services provided by the state. Here, the imposition of the use tax on the aircraft satisfies that test.

3. Neither the Equal Protection Clause, US Const, Am XIV, nor the Uniformity of Taxation Clause, Const 1963, art 9, § 3, is violated by taxing the plaintiff's aircraft while certain water-borne vessels over five hundred tons and domestic passenger aircraft are exempt pursuant to subsections K and X of § 4 of the Use Tax Act, MCL 205.94(k),(x); MSA 7.555(4)(k),(x). The plaintiff failed to negate conceivable rational bases for the different tax treatment.

Affirmed.

1. TAXATION — USE TAX — PRESUMPTION OF TAXABILITY.

Tangible personal property purchased outside the state and brought into the state within ninety days of purchase is presumed to have been acquired for storage, use, or consumption in this state and therefore is subject to the use tax (MCL 205.93[1]; MSA 7.555[3][1]).

2. TAXATION — CONSTITUTIONAL LAW — COMMERCE CLAUSE.

A tax imposed by a state does not violate the Commerce Clause where the activity taxed has a substantial nexus to the taxing state, and the tax is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to services provided by the state (US Const, art I, § 8, cl 3).

3. TAXATION — CONSTITUTIONAL LAW — EQUAL PROTECTION CLAUSE — UNIFORMITY OF TAXATION CLAUSE.

A person challenging the validity of a state tax or an exemption therefrom under the Equal Protection Clause of the federal constitution or the Uniformity of Taxation Clause of the state constitution must negate conceivable bases for the difference in tax treatment (US Const, Am XIV; Const 1963, art 9, § 3).

*Howard & Howard* (by *Patrick R. Van Tiflin, Ellen M. Harvath,* and *Michele L. Halloran*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Daniel M. Greenberg,* for the defendant.

Before: GRIFFIN, P.J., and CAVANAGH and H. A. KOSELKA,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Court of Claims granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). The issue presented is whether two aircraft that plaintiff brought into Michigan after purchasing them in another state were properly assessed Michigan use tax. We affirm.

The facts of this case are essentially undisputed. Plaintiff, Kellogg Company, is a Delaware corporation with its headquarters in Battle Creek, Michigan. It is a multistate and multinational company. In February 1987, plaintiff purchased a Falcon 50 jet aircraft for $12,298,070, and took delivery of it in New Hampshire. In December 1988, plaintiff purchased a Falcon 900 jet aircraft for $18,995,526, and again took delivery of it in New Hampshire. Both aircraft were used immediately after purchase to transport plaintiff's employees to various states, and to Battle Creek, Michigan, where the aircraft arrived three days after being placed in service. Afterwards, the aircraft were used to transport employees to destinations around the United States and the world, and between flights they were kept in a hangar in Battle Creek. Additionally, the aircraft were registered in Michigan.

Defendant Department of Treasury assessed a four percent use tax on each aircraft, which plaintiff paid under protest.

In April, 1989, plaintiff brought an action against defendant in the Court of Claims, seeking

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a refund of $1,387,257.41 in use taxes paid under protest for the two aircraft.

Defendant moved for and was granted summary disposition by the trial court following a hearing. This appeal followed.

The issue on appeal is whether the motion was properly granted. We review a summary disposition determination de novo as a question of law. *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993), lv gtd 444 Mich 927 (1994).

The use tax is complementary to the sales tax and is designed to cover those transactions not covered by the General Sales Tax Act, MCL 205.51 *et seq.*; MSA 7.521 *et seq. Honeywell, Inc v Dep't of Treasury,* 167 Mich App 446, 448-449; 423 NW2d 223 (1988).

The Use Tax Act, MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.*, provides in pertinent part as follows:

> There is levied upon and there shall be collected from every person in this state a specific tax for the privilege of using, storing, or consuming tangible personal property in this state, which tax shall be equal to 4% of the price of the property . . . . For the purpose of the proper administration of this act and to prevent the evasion of the tax, it is presumed that tangible personal property purchased shall be subject to the tax if brought into the state within 90 days of the purchase date and is considered as acquired for storage, use, or other consumption in this state. [MCL 205.93(1); MSA 7.555(3)(1).]

The terms "use" and "storage" are defined in § 2 of the act:

> (b) "Use" means the exercise of a right or power

over tangible personal property incident to the ownership of that property including transfer of the property in a transaction where possession is given.

(c) "Storage" means a keeping or retention in this state for any purpose after losing its interstate character. [MCL 205.92; MSA 7.555(2).]

The act exempts from taxation "[p]roperty, the storage, use, or other consumption of which, this state is prohibited from taxing under the constitution or laws of the United States, or under the constitution of this state." MCL 205.94(b); MSA 7.555(4)(b).

There is no dispute that the aircraft in this case were brought into Michigan within ninety days of purchase. Hence, it is presumed that they were subject to use tax. Plaintiff has the burden of overcoming the presumption of taxation, or establishing that an exemption applies. *Kress v Dep't of Revenue*, 326 Mich 15, 18; 39 NW2d 235 (1949).

Because plaintiff exercised its rights and powers of ownership in determining that the aircraft should be kept in a hangar and registered in Michigan, plaintiff has failed to rebut the presumption that the aircraft were used in Michigan. *Master Craft Engineering, Inc v Dep't of Treasury*, 141 Mich App 56, 70; 366 NW2d 235 (1985). (We express no opinion with regard to whether plaintiff rebutted the presumption that the aircraft were stored in Michigan.) Because the presumption of taxability has not been overcome, it is necessary to decide whether an applicable exemption exists.

To determine whether plaintiff is exempt from taxation under § 4 of the act, we must examine whether imposition of the tax violates the Commerce Clause of the United States Constitution, US Const, art I, § 8, cl 3, which forbids the burdening through taxation of interstate commerce or its

essential instrumentalities. *Michigan Wisconsin Pipe Line Co v Michigan,* 58 Mich App 318, 321; 227 NW2d 334 (1975).

Plaintiff argues that the appropriate test in this case is whether the property "came to rest" in this state, thereby creating a "taxable moment" for purposes of the use tax. *Master Craft, supra* at 69.

The taxable moment test was originally stated in *Southern Pacific Co v Gallagher,* 306 US 167, 176-177; 59 S Ct 389; 83 L Ed 586 (1939). That test, which has been adopted and applied in Michigan, provides that where an item comes to rest in the taxing state before becoming an instrumentality of interstate commerce, a taxable moment occurs and the state's imposition of the use tax is justified. *Master Craft, supra.*

In 1977, the United States Supreme Court set out a four-part test for determining whether a state tax is constitutional. *Complete Auto Transit, Inc v Brady,* 430 US 274; 97 S Ct 1076; 51 L Ed 2d 326 (1977). The four-part test (which is laid out below) has replaced the taxable moment test for purposes of constitutional analysis. *D H Holmes Co v McNamara,* 486 US 24, 30-31; 108 S Ct 1619; 100 L Ed 2d 21 (1988).

This Court has previously applied the four-part test when reviewing the validity of use taxes. See, e.g., *Master Craft, supra; MCI Telecommunications Corp v Dep't of Treasury,* 136 Mich App 28, 33; 355 NW2d 627 (1984); *Bob-Lo Co v Dep't of Treasury,* 112 Mich App 231, 239-242; 315 NW2d 902 (1982).

The *Master Craft* Court was not presented with the question of which test to apply in that case. That it apparently applied both tests does not require us to do the same. We conclude that the test announced in *Complete Auto* is the applicable test, and has been since 1977. See *Archer Daniels*

*Midland Co v Dep't of Revenue,* 170 Ill App 3d 1014; 120 Ill Dec 828; 524 NE2d 1010 (1988); *H K Porter Co, Inc v Commonwealth,* 111 Pa Commw 463; 534 A2d 169 (1987) (both opinions applying *Complete Auto* and not the taxable moment test on facts very similar to the present case).

The four *Complete Auto* factors are: (1) the activity taxed must have a substantial nexus to the taxing state; (2) the tax must be fairly apportioned; (3) it may not discriminate against interstate commerce; and (4) it must be fairly related to services provided by the state. *Id.* at 287; see *D H Holmes, supra* at 30.

Applying the first element, we observe that the aircraft were registered in Michigan and kept in a hangar in Battle Creek, the site of plaintiff's headquarters. This is evidence of an identifiable exchange of services within Michigan borders, and is sufficient to establish a substantial nexus with this state. See *Bob-Lo Co, supra* at 242-243; *MCI, supra* at 33-34.

Secondly, we note that plaintiff has paid no use or sales tax to other states. More importantly, the Use Tax Act provides a credit for use or sales taxes paid in other states. MCL 205.94(e); MSA 7.555(4)(e). Thus, multiple taxation would not result if every state were to impose an identical tax. *Goldberg v Sweet,* 488 US 252, 261; 109 S Ct 582; 102 L Ed 2d 607 (1989). Therefore, the tax is fairly apportioned. *D H Holmes, supra* at 31.

Thirdly, because the use and sales tax rates are equal in this state, it is plain that the use tax does not discriminate against interstate commerce. *Id.* at 32; *Nat'l Bank of Detroit v Dep't of Revenue,* 334 Mich 132, 141; 54 NW2d 278 (1952).

Finally, the use tax on the aircraft is fairly related to the benefits provided by the state (such as fire and police protection and access roads). *D H*

*Holmes, supra* at 32; *United Air Lines v Mahin,* 410 US 623, 630; 93 S Ct 1186; 35 L Ed 2d 545 (1973).

Therefore, the trial court correctly concluded that the assessment of use tax on the two aircraft did not violate the Commerce Clause.

Plaintiff further contends that the Use Tax Act impermissibly discriminates against plaintiff and in favor of certain waterborne vessels over five hundred tons and domestic passenger aircraft, in light of the exemptions provided in § 4(k) and (x) of the act. Plaintiff's equal protection claim may also be interpreted as a challenge under the Uniformity of Taxation Clause of the Michigan Constitution, Const 1963, art 9, § 3, which provides for equal treatment of similarly situated taxpayers. *Armco Steel Corp v Dep't of Treasury,* 419 Mich 582, 592; 358 NW2d 839 (1984).

Whether considered under the Equal Protection Clause or under the Uniformity of Taxation Clause, a rational basis for the disputed classification must be shown to exist. *Id.* The burden of proof is on the person attacking the legislation to show that the Legislature's failure to tax similarly situated enterprises uniformly was arbitrary, intentional, and knowing rather than a mistake or inadvertence. *Wartella v East Detroit,* 161 Mich App 552, 556; 411 NW2d 751 (1987); *MCI, supra* at 36-37. A rational basis for legislation exists when any set of facts can be reasonably conceived to justify the discrimination. *Wartella, supra.*

In this case, plaintiff has failed to negate every conceivable basis that might support the § 4(k) and (x) exemptions. *American Amusement Co, Inc v Dep't of Treasury,* 91 Mich App 573, 578; 283 NW2d 803 (1979). The Legislature could rationally have decided to exempt vessels exceeding five hundred tons and domestic passenger aircraft from the

use tax because of a desire to encourage those industries to locate in Michigan. Hence, plaintiff has failed to meet its burden of proof, and summary disposition was appropriate.

Affirmed.