hNORRIS, Justice,
dissenting.
I respectfully dissent. Columbia has met its burden of proving its entitlement to summary judgment under La.R.S. 47:305 E.
First, there is no genuine issue as to material fact. The majority ignores the record below; Columbia’s Vice President of Operations, by sworn affidavit, stated that the fuel never comes to rest, but rather flows continuously without interruption from the interstate pipeline until it is consumed only seconds later in the compressor engines. Significantly, the State never contested this.
Columbia is also entitled to summary judgment as a matter of law. As noted by the majority, R.S. 47:305 E intends taxation of property consumed in the state. More specifically, however, the statute intends to tax the consumption of the fuel only after it has come to rest in this state and formed a part of the mass of property in this state. In fact, this language defines the bounds of taxation as the legislature has clearly expressed its intent not to tax bona fide interstate commerce. We must construe this statute in light of the law as it existed at the time of its enactment. Tennessee Gas Transmission Co. v. Violet Trapping Co., 248 La. 49, 176 So.2d 425 (1965). Notably, although the legislature has periodically amended other provisions under § 305, it has never changed this language.
^Though quick to reject Tennessee jurisprudence precisely on point, neither the State nor the majority has provided any legal authority for the proposition that compressor fuel under these facts comes to rest and forms a part of the mass of property in this state prior to its consumption. Moreover, in my opinion the majority misstates the holding in Benson. The court did not address whether the gas came to rest when it was consumed; rather the key issue was whether the fuel came to rest at any time between its separation from the mainline and its ultimate consumption in the compressor engine, and the court held it did not. The majority also omits any discussion of Michigan Wisconsin Pipe Line Co. v. State, 58 Mich.App. 318, 227 N.W.2d 334 (1975) and Midwestern Gas Transmission Co. v. Department of Revenue, 84 Wis.2d 261, 267 N.W.2d 253 (1978), cases from two other states which have favorably cited Benson and rejected a tax on compressor fuel under the same facts. In both cases, the courts determined that the compressor fuel never came to rest in the state and that its consumption was a necessary and integral part of interstate commerce. See Helson & Randolph v. Kentucky, 279 U.S. 245, 49 S.Ct. 279, 73 L.Ed. 683 (1929). In relying on Helson, these courts applied the federal jurisprudence in effect at that time, imposing a per se ban on taxing interstate commerce; it was therefore necessary to establish whether the transaction at issue was interstate commerce, an integral part of interstate commerce or sufficiently removed from interstate commerce.
' Complete Auto Transit Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), has superseded Helson insofar as federal law now recognizes that interstate commerce may be subject to taxation in some instances; the court’s decision, however, does *526 not require states to tax interstate commerce to the fullest extent allowed by federal law. Many other states’ |3sales/use tax statutes are expressly coextensive with federal law; they prohibit the tax only when it is prohibited by the constitution or laws of the United States. See Kellogg Company v. Department of Treasury, 204 Mich.App. 489, 516 N.W.2d 108 (1994); Questar Pipeline Co. v. State Tax Commission, 817 P.2d 316 (Utah 1991); Midwestern Gas Transmission Co. v. Department of Revenue, supra. However, Louisiana has retained both the sales/use tax exclusion barring a tax on interstate commerce and the language narrowly defining the transactions deemed to be outside of interstate commerce. The rationale in Hel-son remains relevant to this inquiry. Moreover, the exclusion is to be construed liberally in favor of the taxpayer and against the taxing authority. Tarver v. World Ship Supply Inc., 615 So.2d 423 (La.App. 4th Cir.), writ denied, 616 So.2d 672 (1993), quoting Oreck, Louisiana Sales & Use Taxation, § 3.1.
The exercise of the power of taxation is vested exclusively in the state legislature. Radiofone Inc. v. City of New Orleans, 93-0962 (La. 1/14/94), 630 So.2d 694. It is our duty to apply the law as written and give effect to the legislative intent as it exists today. The majority, with a mere wave of the hand, has effectively dismissed the “comes to rest” requirement under our law. The decision to remove the per se ban on taxing interstate commerce and its accompanying limitations properly lies with the legislature, not this court.
Because Columbia has shown that the compressor fuel does not come to rest and form a part of the mass of property in this state, and Louisiana law expressly excludes the taxation of interstate commerce, I would affirm the lower courts’ grant of summary judgment.