DON McCULLAGH, INC., *v.* DEPARTMENT OF REVENUE.

1. Taxation—Leased Automobiles—Use Out of State.
   This State is not entitled to a tax on the use in another State of automobiles leased therein whether or not such other State has provided for a use tax thereon.

2. Same—Interstate Commerce—Discrimination.
   A State may not impose a tax on interstate commerce nor may it enforce legislation resulting in unjust discrimination in taxation.

3. Same—Sales Tax Act—Use Tax Act.
   The sales tax act and use tax act are related and complementary, the latter exempting from the imposition of a tax thereunder, property which is subjected to the sales tax, thereby demonstrating an intent not to impose both taxes on the same business transaction (PA 1933, No 167, as amended; PA 1937, No 94, as amended).

4. Same—Interstate Commerce—Discrimination.
   Prohibited discriminatory burdens on interstate commerce from taxation are not to be determined by abstractions but by the particular facts of specific cases.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur, Sales and Use Taxes §§ 44–46; 51 Am Jur, Taxation § 213.
[3] 47 Am Jur, Sales and Use Taxes § 42.
   Constitutionality, construction, and application of general use tax or other compensating tax designed to complement State sales tax. 129 ALR 222, 153 ALR 609.
[4] 51 Am Jur, Taxation § 213.
[5] 51 Am Jur, Taxation §§ 173, 175.
[6] 47 Am Jur, Sales and Use Taxes §§ 6, 10.
   Validity of so-called "sales tax." 117 ALR 846, 128 ALR 893.
[7] 47 Am Jur, Sales and Use Taxes § 22.
[8] 47 Am Jur, Sales and Use Taxes § 4.

5. SAME—DISCRIMINATION—PREJUDICE.

A State legislature has a range of discrimination which it may exercise in classifying subjects for taxation provided such exercise be not in a spirit of prejudice and favoritism.

6. SAME—SALES TAX—AUTOMOBILES USED OUT OF STATE—DISCRIMINATION.

The fact that the sales tax paid on retail sales of cars to corporation for use under its lease of the cars to another corporation in another State was in excess of what the use tax would have been had it been payable in Michigan *held*, not to have effected an unjust discrimination nor a tax on interstate commerce rendering the imposition of the sales tax invalid (PA 1933, No 167, § 1, as amended; PA 1937, No 94, as amended).

7. SAME—LEGAL INCIDENCE OF SALES TAX—RETAILERS.

The legal incidence of the sales tax falls on the retailer of personal property (PA 1933, No 167, as amended).

8. SAME—SALES TAX—CLAIM OF INVALIDITY.

The retailer, the taxpayer under the sales tax act, is the only one who can claim to have been prejudiced by the imposition of the tax upon a particular subject, hence, is entitled to a determination on the merits of claimed invalidity of the tax imposed (PA 1933, No 167, as amended).

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 7, 1958. (Docket No. 9, Calendar No. 47,698.) Decided December 2, 1958. Rehearing denied January 12, 1959. Appeal denied by Supreme Court of the United States April 27, 1959.

Action by Don McCullagh, Inc., a Michigan corporation, against the State of Michigan, Department of Revenue, for refund of sales tax claimed illegally levied on sale of automobiles to be leased and used outside the State. Judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*Anthony A. Vermeulen,* for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *T. Carl Holbrook* and

*William D. Dexter,* Assistants Attorney General, for defendant.

Carr, J.   The parties to this case have entered into a stipulation as to the material facts.   It appears therefrom that the plaintiff, a Michigan corporation with its offices in the city of Detroit, was at the time of the occurrences out of which the case has arisen engaged in the sale of automobiles at retail, possessing a sales tax license issued by the State.   During the period from January 14, 1954, to and including June 28th of the same year, it sold to General Car Leasing, Inc., 154 automobiles for a total consideration of $256,519.10.   Prior to such purchases and under date of January 12, 1954, the purchaser had entered into a contract for the leasing of automobiles to Couture Motor Corporation, a Florida corporation engaged in renting automobiles and having its principal place of business at Miami in that State.   The lease as originally made provided for the furnishing by General Car Leasing, Inc., of 50 new automobiles.   Thereafter it was modified to include additional cars to the total number above indicated.   The automobiles were taken to Florida by persons hired for that purpose, the drivers receiving the vehicles at plaintiff's place of business.

The leasing contract in question was for a period of 1 year with a right to lease the vehicles from year to year unless the agreement was terminated by written notice.   The rental was payable monthly, the aggregate amount so paid being $102,189.10.   All of the vehicles leased were licensed and titled in the State of Florida in the name of General Car Leasing, Inc.   The department of revenue of the State took the position that plaintiff was liable for the payment of a tax on the sale of the cars to General Car Leasing, Inc., in the sum of $7,694.97.   Said

amount, together with interest in the sum of $860.78, was paid by plaintiff on December 19, 1956. There-after the present action was instituted in the circuit court of Wayne county to recover the sum so paid, with interest thereon.

In its declaration plaintiff alleged that the assessing and collecting of said tax operated to place an undue burden upon interstate commerce, such claim being based on the fact that a provision of the sales tax act of this State, in force at the time of the transactions in question, required the payment of the tax on the sale of tangible personal property to one leasing for 7 days or more in a State other than Michigan, while exempting therefrom a sale made for leasing intrastate if rentals under the lease were subject to the Michigan use tax act, hereafter cited. Defendant by answer denied the right of plaintiff to recover, impliedly challenging the correctness of plaintiff's conclusions of law by averring that its claim was without merit. The trial judge, hearing the matter on plaintiff's motion for summary judgment, agreed with plaintiff's claim that the provision of the statute relating to a tax on sales made for leasing and consequent use of the tangible personal property sold, outside of the State, placed an undue burden on interstate commerce in view of the fact that such sales made for leasing in Michigan under circumstances requiring the payment of the use tax to this State were exempt from the sales tax. Judgment was entered accordingly, and defendant has appealed.

Section 1 of the Michigan sales tax act,* as amended by PA 1953, No 204 (CLS 1954, § 205.51 [Stat Ann 1953 Cum Supp § 7.521]), in effect at the time of the transactions involved in this case, set

---

* PA 1933, No 167, as amended (CL 1948, § 205.51 *et seq.*, as amended [Stat Ann 1950 Rev and Stat Ann 1957 Cum Supp § 7.521 *et seq.*]).

forth the provision, claimed by plaintiff to be invalid, as follows:

"(b) The term 'sale at retail' means any transaction by which is transferred for consideration the ownership of tangible personal property, when such transfer is made in the ordinary course of the transferor's business and is made to the transferee for consumption or use, or for any other purpose than for resale, or for lease when the rental receipts are taxable under Act No 94 of the Public Acts of 1937, as amended, in the form of tangible personal property to a person licensed under this act."

The enactment referred to in the language quoted is commonly cited as the Michigan use tax act.[*] Said act exempts from the payment of the tax provided for thereby the use, storage or consumption, of tangible personal property sold in the State if a sales tax has been paid on the transaction. A like exemption is provided for in instances in which the State is prohibited from taxing under the State Constitution or the Constitution or laws of the United States, and, also, if the sale or use of the property involved has been subjected in another jurisdiction to a sales tax or use tax equal to or in excess of the Michigan tax, such exemption being subject to a reciprocity clause.

For obvious reasons this State was not entitled to a tax on the use in Florida of the leased automobiles. It does not appear that at the time of such use the latter State had by statute provided for such a tax. It does appear that the transaction out of which this case has arisen did not actually involve the payment of sales tax and also a use tax. On behalf of plaintiff, however, it is contended that because the State of Florida may impose such an exaction interstate

---

[*] PA 1937, No 94, as amended (CL 1948, § 205.91 *et seq.*, as amended [Stat Ann 1950 Rev and Stat Ann 1957 Cum Supp § 7.555 (1) *et seq.*]).

commerce is exposed to multiple burdens in violation of the pertinent provision of the Federal Constitution. The circuit judge agreed with such claim, also pointing out that in the instant case the amount of the sales tax was materially higher than would have been imposed under the use tax act had the sale by plaintiff been made for leasing the automobiles for use in Michigan.

The basic question involved in the case is whether the provision of the sales tax act of Michigan, above quoted, discriminates in the obnoxious sense of the term against interstate commerce. As noted, plaintiff's claim in this respect is based on the exemption from the payment of the tax if the sale is made for leasing and use in Michigan so that the rental receipts are taxable under the use tax act. Concededly a State may not impose a tax on interstate commerce, nor may it enforce legislation resulting in unjust discrimination. In determining whether such discrimination obtains by virtue of the legislative enactment here in question consideration may properly be given to the fact that the sales tax act and the use tax act are closely related, to such an extent that each may be said to be complementary to the other. Each is designed to raise revenue from taxation of the privilege of engaging in certain business transactions. That the legislature in the enactment of said statutes, and subsequent amendments thereto, had in mind the practical situation presented is obvious. The provision of the sales tax act here involved is an expression of such recognition, indicating that the general policy of the State was not to impose a double burden on the bases of the taxes provided for by said acts.

This Court has previously recognized that the sales tax act and the use tax act are related and complementary. In *Banner Laundering Co.* v. *State Board of Tax Administration,* 297 Mich 419, in which

the validity of the use tax act was sustained, it was said (pp 430, 431):

"In support of their contention that the use tax act 'is discriminatory in terms,' appellants advert to the fact that the act in section 4 provides numerous exemptions, including the following: (1) Property merged into the common mass which was not acquired *at retail sale* in the State of purchase, (2) property upon which a retail sales tax was paid in the State of purchase, (3) a great mass of property which, after merger, is devoted to industrial processing, to agricultural producing, or to be resold. But nowhere in appellants' brief is it persuasively pointed out that the exemptions contained in the statute are not justifiable exemptions, or that in consequence of the exemptions the act is rendered unconstitutional in that it does not operate uniformly or that it deprives appellants or others like situated of due process or equal protection of the law. Instead we think it is plain, at least the contrary is not demonstrated by appellants, that certain of the exemptions contained in the statute are justified by an obvious attempt on the part of the legislature to produce uniformity in the taxation imposed by the use tax act when considered in connection with the closely related sales tax act. Other exemptions contained in section 4 of the act are of a type frequently embodied in taxation statutes, such as property sold to governmental units for public use, property sold to religious organizations, benevolent, charitable, scientific institutions and the like. But exemptions which render the operation of a taxation measure more just and uniform, or save institutions of the character above noted from the burden of the particular tax, do not render the act invalid for lack of uniformity or deprive persons subject to the tax of due process or equal protection of law, and this is true both of a specific tax and of a direct property tax."

Citing the above case, among other prior decisions of the Court, it was said in *Western Electric Co.* v. *Department of Revenue,* 312 Mich 582, 596:

"The essential elements of the use tax and the underlying principles of taxation on which it is based distinguish it from the tax imposed by PA 1899, No 179. The use tax was enacted for the purpose of levying and collecting a specific tax for the privilege of using, storing or consuming tangible personal property. *Goebel Brewing Co.* v. *State Board of Tax Administration,* 306 Mich 222. It is complementrary to the sales tax (PA 1933, No 167, as amended [CLS 1940, § 3663-1 *et seq.,* Stat Ann § 7.521 *et seq.,*]). Property, the sale of which is subjected to the sales tax, is exempted from payment of the use tax (PA 1937, No 94, § 4 [CLS 1940, § 3663-44, Stat Ann 1944 Cum Supp § 7.555 (4)])."

In *Kress* v. *Department of Revenue,* 322 Mich 590, a like conclusion was reached as to the relation between the 2 acts in question and the fact that they are complementary. It is also recognized in other States having such statutes that this is the situation. In *Nelson* v. *Sears, Roebuck & Co.,* 312 US 359 (61 S Ct 586, 85 L ed 888, 132 ALR 475), the relation between the Iowa statutes providing for sales taxes and use taxes was so characterized. In sustaining the State statute against the claim that its operation resulted in certain discriminations against interstate commerce, it was said (p 366):

"Prohibited discriminatory burdens on interstate commerce are not to be determined by abstractions. Particular facts of specific cases determine whether a given tax prohibitively discriminates against interstate commerce. Hence, a review of prior adjudications based on widely disparate facts, howsoever embedded in general propositions, does not facilitate an answer to the present problem."

With reference to the power of a State legislature to make reasonable classifications, the decision of the United States supreme court in *Citizens' Telephone Company of Grand Rapids* v. *Fuller,* 229 US 322 (33 S Ct 833, 57 L ed 1206), is significant. In sustaining the statute of Michigan providing for taxation of telephone companies and making certain classifications therein, it was said, in part, after citing a number of prior decisions (p 331):

"To these cases may be added others. They illustrate the power of the legislature of the State over the subjects of taxation and the range of discrimination which may be exercised in classifying those subjects when not obviously exercised in a spirit of prejudice and favoritism. *Cook* v. *Marshall County,* 196 US 261, 274 (25 S Ct 233, 49 L ed 471); *Missouri* v. *Dockery,* 191 US 165 (24 S Ct 53, 48 L ed 133, 63 LRA 571). The cases decided subsequent to the decision in *Bell's Gap Railroad Co.* v. *Pennsylvania,* 134 US 232 (10 S Ct 533, 33 L ed 892), have applied its principle to many varying instances. Granting the power of classification, we must grant government the right to select the differences upon which the classification shall be based, and they need not be great or conspicuous. *Keeney* v. *New York,* 222 US 525, 536 (32 S Ct 105, 56 L ed 299). The State is not bound by any rigid equality. This is the rule; —its limitation is that it must not be exercised in 'clear and hostile discriminations between particular persons and classes.' See *Quong Wing* v. *Kirkendall,* 223 US 59, 62, 63 (32 S Ct 192, 56 L ed 350). Thus defined and thus limited, it is a vital principle, giving to the government freedom to meet its exigencies, not binding its action by rigid formulas but apportioning its burdens and permitting it to make those 'discriminations which the best interests of society require.'"

The courts throughout the country, including the United States supreme court, have been called on

repeatedly to determine controversies involving claims of discrimination in taxation. The above-cited decisions suggest the general principles applicable in such cases. The same principles are involved when it is asserted that the carrying out of State statutes results in undue discrimination against interstate commerce. In *General American Tank Car Corporation* v. *Day,* 270 US 367 (46 S Ct 234, 70 L ed 635), the plaintiffs brought suit to enjoin the defendant, a tax collector for one of the State parishes, from seizing property to satisfy a tax assessed on rolling stock owned by plaintiffs and operating over railroads in Louisiana. Plaintiffs were corporations organized in States other than Louisiana and not domiciled or licensed to do business therein. They used tank cars within the State for the transportation of oil in interstate commerce. The statute of the State authorized an assessment of 25 mills on the dollar of assessed valuation of rolling stock of nonresident corporations operated therein. It was the claim of the plaintiffs that said tax, which was designed to impose a burden on property of nonresidents in lieu of local taxes assessed in the several parishes of the State on property of persons or corporations domiciled therein, was invalid because discriminatory. It appeared that in some parishes local taxes exceeded the amount of the tax of which the plaintiffs complained, and in other parishes local taxes were less. Commenting on the situation the court, in upholding the State statute, said, in part (p 373):

"Such a classification is not necessarily discriminatory. *Travellers' Insurance Co.* v. *Connecticut,* 185 US 364 (22 S Ct 673, 46 L ed 949). Where the statute imposing a tax which is in lieu of a local tax assessed on residents, discloses no purpose to discriminate against nonresident taxpayers, and in substance does not do so, it is not invalid merely be-

cause equality in its operation as compared with local taxation has not been attained with mathematical exactness. In determining whether there is a denial of equal protection of the laws by such taxation, we must look to the fairness and reasonableness of its purposes and practical operation, rather than to minute differences between its application in practice and the application of the taxing statute or statutes to which it is complementary. *Travellers' Insurance Co.* v. *Connecticut, supra*; and see *State Railroad Tax Cases,* 92 US 575, 612 (23 L ed 663); *Shaffer* v. *Carter,* 252 US 37, 56 (40 S Ct 221, 64 L ed 445)."

The above case was cited in *Gregg Dyeing Co.* v. *Query,* 286 US 472 (52 S Ct 631, 76 L ed 1232, 84 ALR 831). There the plaintiffs challenged the constitutionality of a statute of South Carolina imposing a tax on gasoline brought into the State in interstate commerce and stored therein for use. In upholding the statute, it was said (pp 481, 482):

"Discrimination, like interstate commerce itself, is a practical conception. We must deal in this matter, as in others, with substantial distinctions and real injuries. *Shaffer* v. *Carter,* 252 US 37, 55 (40 S Ct 221, 64 L ed 445). Appellants' attack upon the tax comes to this, in the last analysis, that the tax in their case is laid with respect to the gasoline they have bought outside the State and keep in storage for use and consumption in their business, whereas others are taxed, not with respect to the gasoline they keep in store for use and consumption, but for the gasoline they use and consume. But appellants have admitted, as the State court has said, that 'the only kind of storage affected' is that for the purpose of use and consumption. In this view the State court found no distinction of substance with respect to the practical operation of the taxing statutes *in pari materia,* as all in like case, appellants and others who use gasoline in their business enterprises, pay the same amount on the gaso-

line they consume. Appellants had the burden of showing an injurious discrimination against them because they bought their gasoline outside the State. This burden they have not sustained. They have failed to show that whatever distinction there existed in form, there was any substantial discrimination in fact."

Of like import are *Henneford* v. *Silas Mason Co.,* 300 US 577 (57 S Ct 524, 81 L ed 814), and *Southern Pacific Co.* v. *Gallagher,* 306 US 167 (59 S Ct 389, 83 L ed 586). See, also, *General Trading Co.* v. *State Tax Commission,* 322 US 335 (64 S Ct 1028, 88 L ed 1309).

In the case at bar it is apparent that the legislature in the enactment of the sales tax act and use tax act, and numerous amendments thereto, has sought to avoid the burden of both taxes being imposed on the same business transaction. The exemptions in each of said statutes clearly indicate such purpose. An intent is manifest to reach an equitable basis for the assessment and collection of taxes essential in the raising of revenue for public purposes. As before noted, the State of Florida did not, at the time of the transactions involved in this case, impose a use tax on property brought into the State from beyond its borders. Many States having use tax statutes like Michigan exempt therefrom the use of property on the sale of which a tax has been collected in another State. What the policy of Florida might be in such regard is beside the question here involved. Neither are we concerned whether such a tax, if imposed, would be open to the objection that it discriminated against interstate commerce.

The question before us is whether the provision of the Michigan sales tax act here involved is open to the objection that it necessitates discrimination against interstate commerce in the objectional sense

of the term, and is therefore invalid. We think that such question must be resolved in favor of the validity of such provision. It may not be said that the legislature of the State has exercised its authority in such manner as to establish clear and hostile discrimination against interstate commerce, or those engaged therein. The sales tax act and the use tax act are complementary. Their relation is such as to require recognition in each of the provisions and operation of the other. As before suggested, the Michigan legislature has acted accordingly in the attempt to work out a fair and just system. Mechanically a perfect result may not be obtained in all instances. In the case at bar the amount of the sales tax paid by plaintiff exceeds what the use tax would have been had it been payable in Michigan. It is conceivable, however, that under the same sort of transaction as is here involved such condition might well be reversed. It is questionable if any tax law could be devised that would result in absolute equality under all circumstances. Under general principles applicable to a case of this nature it must be said that plaintiff has failed to establish the alleged discriminatory character of the tax paid by it, or that it has been unfairly aggrieved thereby. The exemption from the tax as to intrastate sales for leasing use in this State involving payment of the use tax on rentals is not arbitrary or capricious in character. The provision of the sales tax act involved is not invalid on the ground that it imposes an unfair burden on interstate commerce.

Appellant has questioned the right of plaintiff to challenge the validity of the statutory provision in question on the ground that it is not engaged in interstate commerce. However, the basic proposition at issue is the matter of discrimination, and the legal incidence of the sales tax falls on the retailer of personal property. *Federal Reserve Bank of*

*Chicago* v. *Department of Revenue,* 339 Mich 587; *National Bank of Detroit* v. *Department of Revenue,* 340 Mich 573; *United States* v. *City of Detroit,* 345 Mich 601. Plaintiff paid the tax of which it now complains, and should be permitted to urge in court the invalidity of the statute requiring such payment. It is entitled to a determination on the merits. It does not appear that any person or corporation other than plaintiff can claim to have been prejudiced by the collection of said tax.

An order will enter remanding the case to the trial court with directions to set aside the judgment in plaintiff's favor and to enter judgment for defendant.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.