### GAINEY TRANSPORTATION SERVICE, INC v DEPARTMENT OF TREASURY

Docket No. 154873. Submitted October 18, 1994, at Lansing. Decided April 3, 1995, at 9:00 A.M.

Gainey Transportation Service, Inc., brought an action in the Court of Claims against the Department of Treasury, Revenue Division, seeking a partial refund of sales taxes paid on purchases in Michigan of trucks used in interstate trucking. In the past, pursuant to Position Statement SUW 84-003, the defendant had granted partial refunds based on mileage logged out of state. The court, James R. Giddings, J., determining that the defendant is without authority to grant such refunds, granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. MCL 205.1 *et seq.*; MSA 7.657(1) *et seq.,* which governs the revenue division, does not provide it with authority to effectuate a tax refund policy and does not empower it to create tax exemptions.

2. MCL 205.54a; MSA 7.525, which enumerates the transactions that are exempt from the sales tax, does not have a provision for retail sales of trucks used in interstate commerce.

3. The sales tax, as levied in this case, is fairly apportioned and is constitutional. 1979 AC, R 205.91, which provides that the sales tax does not apply when it is prohibited by the constitution or laws of the United States, has no effect on this case.

4. The Legislature intended that the revenue division not obviate a tax liability absent statutory authority for doing so, and it has not acquiesced to the refund policy embodied in SUW 84-003.

5. The defendant's past interpretation of the General Sales Tax Act, as reflected in SUW 84-003, cannot be accorded deference in the absence of statutory authority for the refunds allowed under that position statement.

Affirmed.

REFERENCES

Am Jur 2d, Sales and Use Taxes §§ 24-29.

State taxation of motor carriers as affected by commerce clause. 17 ALR2d 421.

TAXATION — SALES TAX — EXEMPTIONS.

> Sales taxes imposed on the sale in Michigan of trucks intended for use in interstate commerce are fairly apportioned and do not violate the Commerce Clause of the United States Constitution; a discarded policy by the Michigan Department of Treasury of granting partial refunds of such taxes on the basis of mileage logged out of state was not supported by the General Sales Tax Act or the administrative rule that provides that sales taxes are inapplicable when prohibited by the constitution or laws of the United States (US Const, art I, § 8, cl 3; MCL 205.1 *et seq.*, 205.51 *et seq.*; MSA 7.657[1] *et seq.*, 7.521 *et seq.*; 1979 AC, R 205.91).

*Varnum, Riddering, Schmidt & Howlett* (by *Perrin Rynders* and *Steven J. Morren*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Ross H. Bishop,* Assistant Attorneys General, for the defendant.

Before: NEFF, P.J., and MARILYN KELLY and P. R. JOSLYN,* JJ.

NEFF, P.J. Plaintiff appeals as of right from an order of the Court of Claims granting summary disposition to defendant and dismissing plaintiff's complaint. We affirm.

I

The facts of this case are not in dispute. Plaintiff is a Michigan corporation that, in part, conducts an interstate trucking business. As part of its business, plaintiff purchases tractor trucks in Michigan. In the past, plaintiff, on the basis of defendant's Position Statement SUW 84-003, had received a partial refund of the sales tax it paid on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the purchase of these trucks. Pursuant to SUW 84-003, the refund, amount was based on the percentage of miles the vehicles were used out of state.

Plaintiff filed its complaint in the instant matter when it was not granted what it concluded was the proper sales tax refund for certain tax years. In response, defendant moved for summary disposition pursuant to MCR 2.116(C)(8), claiming that SUW 84-003 was illegal in that the creation of this policy statement was an ultra vires act. Defendant claimed it had no statutory authority to grant this type of tax refund. The lower court agreed and granted defendant's motion.

II

Plaintiff argues on appeal that the lower court's ruling was improper. We disagree.

We review de novo the lower court's grant of summary disposition to defendant. *Kellogg Co v Dep't of Treasury,* 204 Mich App 489, 492; 516 NW2d 108 (1994). A summary disposition motion pursuant to MCR 2.116(C)(8) will be granted only where, after the pleadings are examined, the claim is so clearly unenforceable that no amount of factual development could justify a right of recovery. *Eaton Co Bd of Rd Comm'rs v Schultz,* 205 Mich App 371, 378; 521 NW2d 847 (1994).

A

Liability for the payment of sales taxes and the determination of the amount thereof is dependent on the General Sales Tax Act, MCL 205.51 *et seq.;* MSA 7.521 *et seq.,* and this liability may not be imposed by rules made by defendant, nor may liability for the tax imposed by the statute be obviated by such administrative action, *Howard*

*Pore, Inc v Comm'r of Revenue,* 322 Mich 49, 65-66; 33 NW2d 657 (1948); *Michigan Sportservice, Inc v Comm'r of Revenue,* 319 Mich 561, 566; 30 NW2d 281 (1948). In other words, tax exemptions must rest on legislative enactment, and tax collectors such as defendant can only act within the express authority conferred by law. *Garavaglia v Dep't of Revenue,* 338 Mich 467, 470; 61 NW2d 612 (1953).

In order to determine whether defendant was empowered to grant the refund in question, two statutes must be examined. First is defendant's enabling legislation, MCL 205.1 *et seq.*; MSA 7.657(1) *et seq.* That statute provides that the defendant was created for the following purposes:

(a) Coordinated collection of . . . state taxes . . . .
(b) Specialized service for tax enforcement . . . .
(c) Avoidance of duplication in state facilities for tax collections . . . .
(d) Safeguarding tax and other collections . . . .
(e) Providing an advisory service on fiscal status . . . .
(f) Development of a state revenue enforcement service . . . . [MCL 205.1; MSA 7.657(1).]

This enabling statute does not grant defendant the authority to effectuate a tax refund policy, nor does it empower defendant to create tax exemptions.

The other relevant statute is the General Sales Tax Act. That act sets forth certain transactions for which sales taxes need not be paid. MCL 205.54a; MSA 7.525. There is no mention in that provision of an exemption or refund for sales taxes paid on retail sales of tractor trucks. *Id.*

Thus, pursuant to this statutory scheme, defendant did not have the statutory authority to grant

the type of refund in question and, without more, SUW 84-003 is illegal.

### B

In order to get around defendant's lack of express authority, plaintiff next argues that SUW 84-003 impliedly is proper pursuant to 1979 AC, R 205.91, which provides in part that sales and use taxes do not apply when such taxes are prohibited by the constitution or laws of the United States. According to plaintiff, SUW 84-003 was necessary in order to effectuate 1979 AC, R 205.91. Plaintiff claims that the refund is required to properly apportion the sales tax on what plaintiff terms is an interstate transaction. Without the refund, according to plaintiff, our sales tax would violate the Commerce Clause of the United States Constitution, US Const, art I, § 8, cl 3.

The United States Supreme Court in *Complete Auto Transit, Inc v Brady,* 430 US 274; 97 S Ct 1076; 51 L Ed 2d 326 (1977), set out a four-part test for determining whether a state tax is constitutional. See also *Kellogg, supra* at 494-495. The four factors are: (1) the activity taxed must have a substantial nexus to the taxing state; (2) the tax must be fairly apportioned; (3) it may not discriminate against interstate commerce; and (4) it must be fairly related to services provided by the state. 430 US 287. Plaintiff only attacks the second prong of this test.

In order for a tax to be fairly apportioned, it must be internally and externally consistent. *Goldberg v Sweet,* 488 US 252; 109 S Ct 582; 102 L Ed 2d 607 (1989). The internal consistency test focuses on the text of the tax law and hypothesizes a situation where other states have passed an identical statute. *Id.* at 261. The tax is internally consis-

tent if it is structured in a way that, if every state were to impose an identical tax, no multiple taxation would result. *Id.*

The Michigan general sales tax is internally consistent because most states have imposed sales taxes on retail sales, and only one state can charge a sales tax on transactions similar to the one in question here, i.e., the state in which the retail sale is consummated.

The external consistency test determines whether the state has taxed only that portion of the revenues from the interstate activity that reasonably reflects the intrastate component of the activity being taxed. *Id.* at 262. This requires examination of the in-state activity that triggers the taxable event.

Here, the sales tax is triggered only by an in-state sale of tangible personal property, not by any out-of-state event. Accordingly, the tax is externally consistent as well.

Because we have determined that the sales tax in question is fairly apportioned, it follows that plaintiff's reliance on 1979 AC, R 205.91 is misplaced.

C

Plaintiff next argues that because the General Sales Tax Act has been amended many times since SUW 84-003 was promulgated, the Legislature, by acquiescence, has sanctioned the refund policy.

Although we recognize legislative acquiescence as a proper method of statutory construction, we will not read into this statute that which is not within the manifest intention of the Legislature as gathered from the act itself. *In re Marin,* 198 Mich App 560, 564; 499 NW2d 400 (1993). Because the intention of the Legislature has already been dis-

covered, that is, that defendant may not obviate a tax liability imposed by statute absent express statutory authority, that intent must prevail regardless of any conflicting rule of statutory construction. See *Attorney General v American Way Life Ins Co,* 186 Mich App 679, 682; 465 NW2d 56 (1991).

D

Similarly, we reject plaintiff's argument that because great deference must be accorded defendant's original interpretation of the General Sales Tax Act, defendant's interpretation of that act, in the form of 1979 AC, R 205.91 and SUW 84-003, should be upheld.

Although plaintiff correctly states that defendant's interpretation of the act, as the agency legislatively chosen to enforce it, is afforded deference, *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections,* 199 Mich App 681, 691-692; 503 NW2d 465 (1993), the intent of the Legislature is clear, and there simply is no authority for defendant to grant the tax refund in question.

Accordingly, we conclude that the lower court properly granted summary disposition to defendant and dismissed plaintiff's complaint on the basis of the illegality of SUW 84-003.

Affirmed.