COMBUSTION ENGINEERING, INC v DEPARTMENT OF TREASURY

Docket No. 174196. Submitted April 3, 1996, at Lansing. Decided May 3, 1996, at 9:05 A.M.

Combustion Engineering, Inc., brought an action in the Court of Claims against the Department of Treasury, seeking a refund of use taxes, penalties, and interest assessed for transactions on which the plaintiff, as general contractor, had paid sales taxes to subcontractors who later proved to be unlicensed by the state. The court, Thomas L. Brown, J., following a trial, granted a judgment for the defendant, concluding that the plaintiff was subject to the use tax in the absence of proof by the plaintiff that the sales taxes it paid were remitted to the state by the subcontractors. The plaintiff appealed.

The Court of Appeals *held*:

Property on which taxes have been paid under the General Sales Tax Act, MCL 205.51 *et seq.*; MSA 7.521 *et seq.*, are, pursuant to MCL 205.94(a); MSA 7.555(4)(a), exempt from taxation under the Use Tax Act, MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.* The sales tax is a tax on the privilege of engaging in the business of making retail sales of tangible personal property; the retailer, not the purchaser, is ultimately responsible for the payment of sales taxes. In light of the parties' stipulation that the plaintiff would be entitled to a refund if it prevails on appeal, the plaintiff is entitled to a refund in the amount stipulated.

Reversed.

1. TAXATION — SALES TAX.

The sales tax is a tax on the privilege of engaging in the business of retail sales in the state; the retailer, not the purchaser, is ultimately responsible to the state for payment of the sales tax (MCL 205.51 *et seq.*; MSA 7.521 *et seq.*).

2. TAXATION — SALES TAX — USE TAX.

Property on which a sales tax has been paid is exempt from use tax (MCL 205.94[a]; MSA 7.555[4][a]).

*Kasiborski, Ronayne & Flaska* (by *Chester E. Kasiborski, Jr.,* and *Diane Hubel Delekta*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Ross H. Bishop,* Assistant Attorney General, for the defendant.

Before: O'CONNELL, P.J., and HOOD and C. L. HORN,* JJ

PER CURIAM. Plaintiff appeals as of right the judgment for defendant entered by the Court of Claims. We reverse.

The facts are undisputed. Plaintiff was the general contractor for the construction of a waste incinerator for the City of Detroit. To vendors or to defendant State of Michigan plaintiff paid sales and use taxes in excess of the total amount of sales or use tax due on the project. This excess amounted to $34,790 and represented sales tax paid by plaintiff to subcontractors on items later discovered to be exempt from taxation.

Defendant's audit of plaintiff subsequently revealed that plaintiff had paid some of the sales tax due on its purchases to subcontractors who were not licensed by the State of Michigan. Defendant then assessed a deficiency against plaintiff in the amount of $153,603. Plaintiff protested the assessment and appealed to the State Commissioner of Revenue. The commissioner upheld the assessment. This tax, plus interest and penalties, was paid under protest on December 1, 1992. Plaintiff filed a complaint in the Court of Claims, requesting a refund of the $153,603 represent-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing the assessment, interest, and penalties paid. It also requested a refund of $34,790 representing the claimed overpayment of sales tax. The trial court entered a judgment against plaintiff.

Plaintiff argues that the trial court erred in entering the judgment for defendant because, although plaintiff was a consumer, it was not liable for use tax on the project where it had paid sales tax to retailers. We agree.

The trial court found that the ultimate burden of sales tax is upon the consumer and that the vendor is merely a conduit for the tax payment. If a vendor fails to remit a sales tax payment to the state, the state may resort to direct collection from the consumer. The trial court concluded that the use tax exempts from taxation only items on which sales tax has been paid and received by the state. Therefore, if plaintiff paid sales tax to an unlicensed vendor and could not prove that the sales tax had been remitted to the state, it was subject to the payment of use tax on those purchases.

The General Sales Tax Act, MCL 205.51 *et seq.*; MSA 7.521 *et seq.*, permits the levy of a tax on the privilege of engaging in the business of making retail sales of tangible personal property within this state. *Terco, Inc v Dep't of Treasury*, 127 Mich App 220, 226; 339 NW2d 17 (1983). The retailer may include the amount of the tax in the selling price, but is not obligated to do so. *Id.* Therefore, although the tax is ordinarily passed on to the purchaser at retail, the retailer is obligated to pay the tax due and bears the direct legal incidence of the General Sales Tax Act. *Sims v Firestone Tire & Rubber Co*, 397 Mich 469, 473; 245 NW2d 13 (1976); *Nat'l Bank of Detroit v Dep't of Rev-*

*enue,* 334 Mich 132, 138; 54 NW2d 278 (1952); *Terco, Inc, supra.*

The use tax, MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.*, is an excise tax imposed for the "privilege of using, storing, or consuming tangible personal property in this state." MCL 205.93(1); MSA 7.555(3)(1). The legal incidence of the use tax falls upon the consumer or purchaser. *Terco, Inc, supra.* Because the use tax exempts from taxation property on which a sales tax is paid, the General Sales Tax Act and the Use Tax Act have been deemed complementary. *Nat'l Bank of Detroit, supra; Daguanno v Dep't of Treasury,* 203 Mich App 130, 135; 512 NW2d 32 (1993). MCL 205.94(a); MSA 7.555(4)(a) provides the exemption for property for which sales tax is paid:

> The tax levied shall not apply to:
> (a) Property sold in this state on which transaction a tax is paid under the general sales tax act . . . , if the tax was due and paid on the retail sale to a consumer.

Tax exemptions are strictly construed. *Daguanno, supra.* In the present case, plaintiff's purchases fell within the exemption to the use tax. It is undisputed that plaintiff paid sales tax to retailers on all its purchases. We therefore conclude that, because plaintiff paid sales tax on the property it purchased, it was not obligated to pay use tax.

Defendant claims that because some of the vendors to whom plaintiff paid sales tax were unlicensed, plaintiff was required to prove that the sales tax that it paid to those vendors was actually remitted to the state. As previously discussed, because the sales tax is a tax on the privilege of doing business, the retailer has the ultimate responsibility for the payment of

sales tax. *Sims, supra; Terco, Inc, supra.* The General Sales Tax Act places no duty on a consumer for the payment of the tax. MCL 205.51 *et seq.;* MSA 7.521 *et seq.* No statute has been cited to give defendant the authority to require plaintiff to prove that the sales tax it paid was actually remitted to the state. Defendant's reliance on the language of the Use Tax Act, MCL 205.97; MSA 7.555(7), that "[e]ach consumer . . . shall be liable for the tax imposed by this act, and such liability shall not be extinguished until the tax has been paid to the department" is misplaced. Defendant's argument ignores the exemption language of the statute. We therefore conclude that plaintiff has no duty to prove that the sales tax that it paid to vendors was actually remitted to defendant. Accordingly, we reverse the Court of Claims' judgment for defendant.

Plaintiff also argues that it is entitled to a credit for all sales tax payments made to retailers. It is undisputed that plaintiff paid sales tax in excess of the total amount due on the project. Moreover, the parties stipulated that if plaintiff prevailed on appeal and this Court found that plaintiff was not liable to defendant for sales tax paid to unlicensed vendors, defendant would refund the excess amount of $34,790. Because we concluded that plaintiff was not liable to the state for sales tax paid to unlicensed vendors, pursuant to the stipulation, defendant is required to refund to plaintiff the sum of $34,790.

Reversed.