WORLD BOOK, INC v DEPARTMENT OF TREASURY

Docket No. 184804. Submitted September 16, 1996, at Lansing. Decided March 7, 1997, at 9:15 A.M. Leave to appeal sought.

World Book, Inc., a Delaware corporation with its principal office in Illinois, brought an action in the Court of Claims against the Department of Treasury and the State of Michigan, seeking a refund of a use tax assessment that it had paid under protest and arguing that its Michigan activities were subject to the provisions of the General Sales Tax Act, MCL 205.51 *et seq.*; MSA 7.521 *et seq.* The plaintiff markets encyclopedias and other educational material to customers in Michigan through door-to-door salespersons who are independent contractors. Orders taken by the salespersons are sent to Illinois to be approved by the plaintiff. If the order is approved, the merchandise is shipped from an inventory in Illinois to the Michigan customer by common carrier. The court, Thomas L. Brown, J., granted summary disposition for the plaintiff, finding that the sales of the plaintiff's materials were retail sales that were subject to the sales tax. The defendants appealed.

The Court of Appeals *held*:

1. The sales tax is a tax imposed on a seller for the privilege of engaging in the business of making sales of tangible personal property at retail in this state. The seller is obligated to pay the tax due and bears the direct legal incidence of the General Sales Tax Act. The use tax, on the other hand, is an excise tax imposed on the privilege of using, storing, or consuming tangible personal property in this state. The legal incidence of the use tax falls on the consumer or purchaser, although the seller is responsible for the collection of the use tax. Thus, the two taxes are complementary, with the imposition of one precluding the imposition of the other.

2. Because the sales tax is a tax on a seller for the privilege of selling personal property at retail in this state, the appropriate test for determining whether a retail sale took place in this state such that tax liability under the General Sales Tax Act will result is whether the sale was consummated in this state. Because there was no evidence of an explicit agreement relating to when title of the materials passed from the plaintiff to its Michigan customers, title passed when the plaintiff delivered the materials to a common

carrier in Illinois for shipment to the Michigan customers. Accordingly, the sales were consummated outside Michigan and, thus, were not subject to sales tax liability. Because the purchases were not subject to sales tax liability, they were properly subject to use tax liability. Therefore, the Court of Claims erred in granting summary disposition for the plaintiff.

3. Allowing bad debts to be deducted from gross proceeds for the purpose of computing sales tax liability but not use tax liability does not violate the Commerce Clause of the United States Constitution.

Reversed.

Taxation — Sales Tax — Retail Sales — Consummation of Sale — Common Carriers.

The appropriate test for determining whether a retail sale of personal property took place in Michigan such that tax liability under the General Sales Tax Act will result is to determine whether the sale was consummated in Michigan; where there is no evidence of an explicit agreement relating to when title of personal property shall pass from a seller to the seller's Michigan customers, title passes and the sale is consummated when a seller delivers personal property to a common carrier for shipment to a Michigan customer; where such a delivery of the property by a seller to a common carrier takes place outside Michigan, there is no Michigan sales tax liability (MCL 205.51[1][b]; MSA 7.521[1][b]).

*Howard & Howard Attorneys, P.C.* (by *Patrick R. Van Tiflin, Michele L. Halloran,* and *Kim D. Crooks*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Ross H. Bishop,* Assistant Attorney General, for the defendants.

Before: MacKenzie, P.J., and Jansen and T. R. Thomas*, JJ.

Per Curiam. Defendants appeal as of right from an order granting summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(10). We reverse.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff is a Delaware corporation with its principal office in Illinois. It markets encyclopedias and other educational materials to customers in Michigan through the use of door-to-door salespersons. After the orders and security deposits are taken, the orders are sent to Illinois to be approved by plaintiff. Once approved, the merchandise is withdrawn from inventory located in Illinois and shipped to the Michigan customer by common carrier.

The Department of Treasury ruled that plaintiff's transactions involving Michigan customers are taxable under Michigan's Use Tax Act, MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.* Plaintiff contended, and the Court of Claims agreed, that its sales to Michigan customers come within Michigan's General Sales Tax Act, MCL 205.51 *et seq.*; MSA 7.521 *et seq.* The significance of the distinction is that the General Sales Tax Act includes a provision allowing bad debts to be deducted from the gross proceeds used to calculate sales tax liability, MCL 205.54i; MSA 7.525(9). The Use Tax Act does not contain such a provision.

The sales tax is a tax imposed upon sellers for the privilege of engaging in the business of making sales of tangible personal property at retail within this state. *Terco, Inc v Dep't of Treasury*, 127 Mich App 220, 225-226; 339 NW2d 17 (1983). The seller is obligated to pay the tax due and bears the direct legal incidence of the General Sales Tax Act. *Combustion Engineering, Inc v Dep't of Treasury*, 216 Mich App 465, 467; 549 NW2d 364 (1996). Although the tax is ordinarily passed on to the purchaser at retail, the seller is not obligated to do so. *Id.* The use tax, on the other hand, is an excise tax imposed for the "privilege of using, storing, or consuming tangible personal

property in this state." MCL 205.93(1); MSA 7.555(3)(1). The legal incidence of the use tax falls upon the consumer or purchaser. *Terco, supra,* p 226. Although the use tax is levied on the consumer, the seller is responsible for collection of the tax. *Sharper Image Corp v Dep't of Treasury,* 216 Mich App 698, 700, n 1; 550 NW2d 596 (1996), MCL 205.95(a); MSA 7.555(5)(a), and MCL 205.97; MSA 7.555(7).

The sales tax and use tax provisions are complementary and supplementary. *Elias Bros Restaurants, Inc v Treasury Dep't,* 452 Mich 144, 153; 549 NW2d 837 (1996). Thus, generally, property on which a consumer has paid the use tax is not subject to the imposition of the sales tax on the seller. *Id.,* n 19. Similarly, the use tax provisions except property acquired in a transaction on which a sales tax has been paid in this state or another state. *Id.*

Where interstate transactions are involved, only the state in which the retail sale is consummated can charge a sales tax on the transaction. *Gainey Transportation Service, Inc v Dep't of Treasury,* 209 Mich App 504, 509; 531 NW2d 774 (1995). Defendants contend that plaintiff's sale of encyclopedias to Michigan residents takes place in Illinois, so that the transaction is not subject to the Michigan sales tax. They argue that, instead, the buyers' use of the materials in Michigan subjects the purchasers to taxation under the Use Tax Act. We agree.

The Court Of Claims held that, to determine whether an interstate retail sale is subject to the Michigan sales tax, the test is whether there is "sufficient local activity, irrespective of where a sale is consummated." However, the question of "sufficient local activity" is relevant to the issue whether Michi-

gan has a substantial enough connection with a transaction or activity for it constitutionally to impose *any* tax—a point not in dispute in this case. See, e.g., *Gainey, supra* (discussing the sales tax), and *Kellogg Co v Dep't of Treasury*, 204 Mich App 489; 516 NW2d 108 (1994) (discussing the use tax). See also *Scripto, Inc v Carson*, 362 US 207; 80 S Ct 619; 4 L Ed 2d 660 (1960). Asking whether there is "sufficient local activity" does not answer the question whether the sales tax should be imposed, as opposed to the use tax.

Because the sales tax is a tax imposed upon sellers for the privilege of selling personal property at retail within this state, *Terco, supra*, the appropriate test for determining whether a retail sale took place in this state for purposes of the General Sales Tax Act is whether the sale was consummated within this state. This is consistent with the act's definition of a taxable "sale at retail": "a transaction by which the ownership of tangible personal property is transferred for consideration." MCL 205.51(1)(b); MSA 7.521(1)(b). It is also consistent with *Montgomery Ward & Co, Inc v Fry*, 277 Mich 260; 269 NW 166 (1936), *J B Simpson, Inc v O'Hara*, 277 Mich 55; 268 NW 809 (1936), *Ashton Power Wrecker Equipment Co v Dep't of Revenue*, 332 Mich 432; 52 NW2d 174 (1952), and *McLeod v J E Dilworth Co*, 322 US 327; 64 S Ct 1023; 88 L Ed 1304 (1944).[1]

---

[1] Furthermore, in our view, it is consistent with *Scripto, supra*, and *Beitzel v Dep't of Revenue*, 2 Mich App 311; 139 NW2d 780 (1966), because those cases concerned the separate question whether the taxing state had a substantial enough connection with the transaction to impose constitutionally a tax. As previously noted, it is undisputed in this case that Michigan has sufficient connections with the transactions at issue here to impose a tax. The question here is whether Michigan should impose a sales tax versus a use tax, not whether it can impose any tax at all.

In this case, plaintiff solicits orders from customers by independent contractors in Michigan. The application, however, is approved outside the State of Michigan. In *J B Simpson, supra,* p 59, the Court stated:

> The orders are taken in Michigan and forwarded to Illinois for acceptance. If accepted they are filled with the understanding that title passes to the purchaser immediately upon delivery of the goods to the carrier. The sale is not completed until the order is accepted and if not accepted there is no sale.
>
> Both by the language of the statute and the terms of the order, the parties contemplate that the title to the clothing passes in the State of Illinois when delivery is made to the carrier in Chicago. Such a sale is not made in Michigan but in Illinois and being interstate commerce cannot be taxed by the State of Michigan.

There is nothing in the record specifically stating when title to materials sold by plaintiff passes to purchasers who are Michigan residents. However, generally, where there is no explicit agreement, title passes when a seller completes delivery, which in this case would be in Illinois where plaintiff delivers its encyclopedias to the common carrier. MCL 440.2401(2); MSA 19.2401(2). Thus, the sales are consummated outside the State of Michigan, and Michigan may not impose a sales tax with respect to those transactions. *Gainey, supra.* Instead, the use tax is applicable to the purchasers' use of the product in Michigan.

In its opinion, the Court of Claims suggested that it agreed with plaintiff that if, as we have concluded, the use tax applied to Michigan purchasers of plaintiff's materials, then the absence of a bad debt provision in the Use Tax Act to mirror the bad debt provision in the General Sales Tax Act would result in a

violation of the Commerce Clause of the United States Constitution. Although the Court of Claims did not squarely address the proposition, we note our disagreement with it. See *Don McCullagh, Inc v Dep't of Revenue*, 354 Mich 413; 93 NW2d 252 (1958). It must also be borne in mind that the use tax is a tax on a purchaser's use and enjoyment of personal property. *Terco, supra.* It is based on the retail price paid by the buyer. *Sharper Image, supra.* A seller's bad debts simply have no relevance to the purchaser, and the price of an object has no bad debt component. Therefore, the remedy plaintiff would have us impose to cure the asserted violation—engraft a bad debt provision on the use tax—is not plausible.

Reversed.