*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EBI-DETROIT, INC,

Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

Defendant-Appellee.

UNPUBLISHED
March 7, 2019

No. 343932
Court of Claims
LC No. 16-000237-MT

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

In this use-tax action, plaintiff appeals as of right the order of the Court of Claims granting summary disposition to defendant, affirming defendant's assessment of $69,085 in back-due taxes on plaintiff. We affirm.

## I. BACKGROUND

Plaintiff is a general contractor with its principle office in Detroit. In the course of its business, plaintiff completed several construction projects in metro-Detroit and engaged several subcontractors to provide services and construction materials. Plaintiff, however, did not remit any sales or use tax between 2009 and 2013. Defendant performed an audit of plaintiff's tax returns for those years, finding curious the fact that plaintiff reported several million dollars of goods sold but did not remit any use or sales tax. Accordingly, defendant issued a Notice of Intent to Assess against plaintiff, claiming that plaintiff owed a total tax delinquency of $181,824, together with penalties and statutory interest.

Plaintiff requested an informal conference with defendant. During these proceedings, plaintiff provided defendant with documentation showing that it was exempt from paying the use tax on much of the assessed delinquency. Accordingly, defendant adjusted the tax delinquency to $69,085 based on plaintiff's failure to account for certain other expenditures, the largest making up just over $1,000,000 of the goods reported on plaintiff's federal tax returns. Defendant's referee affirmed this adjusted assessment, concluding that plaintiff had failed to provide any documentary support for its claimed exemptions.

Plaintiff appealed the adjusted assessment to the Court of Claims, Hon. Michael J. Talbot presiding. Following discovery, defendant moved for summary disposition, arguing that plaintiff had still failed to provide any evidence supporting its claimed exceptions. Defendant explained that its auditor started the audit with the tax returns and other financial statements that identified expenditures for which there was "no indication that sales tax had been paid." The auditor then identified transactions for which plaintiff could provide documentation showing that sales tax was paid or that the use tax did not apply. According to defendant, plaintiff gave its auditor access to its job records, but many of those records were incomplete. Thus, defendant assessed a use tax on those expenditures for which plaintiff could not produce any relevant documentation showing that an exception applied. Defendant pointed to the depositions of plaintiff's president and certified professional account (CPA) as evidence that plaintiff was incapable of providing detailed information regarding the expenditures at issue.

Plaintiff's president, Robert Shimmel testified that plaintiff did not have "transaction level detail" to support the challenged figures reported on its tax returns. Shimmel was questioned about several checks noted in plaintiff's bank statements, but he could not explain in any detail why those checks were issued. Shimmel testified that many of the expenditures were payments to subcontractors, but he could not explain what portion of those expenditures were for goods subject to sales or use tax. According to Shimmel, each contract between plaintiff and a subcontractor contained boilerplate language indicating that sales tax was the responsibility of the subcontractor. Shimmel admitted, however, that the contracts did not delineate the items for which the subcontractor paid the tax.

Plaintiff's CPA, David Croskey, testified that his firm prepared plaintiff's tax returns. According to Croskey, plaintiff's financial records were often incomplete or missing. Croskey agreed that plaintiff did not have transaction level detail regarding the sales tax paid on goods included in its contracts.

Plaintiff opposed summary disposition, arguing that it was not liable for use tax because its contracts with its subcontractors provided that the subcontractor was liable for the sales tax on goods. Alternatively, plaintiff argued that summary disposition was inappropriate because material issues of fact remained regarding whether plaintiff's documentation was complete and whether plaintiff was liable for the assessed taxes.

The trial court granted defendant's motion for summary disposition, concluding that plaintiff had failed to present adequate documentation showing that the expenditures were exempt from the use tax. This appeal followed.

## II. ANALYSIS

"We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, ___; ___ NW2d ___ (2018) (Docket No. 336871); slip op at 2. "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim, and is appropriately granted when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. A non-moving party may also respond to a motion under MCR 2.116(C)(10) by providing "documentary evidence" showing that there is a

genuine factual issue for the fact finder. MCR 2.116(G)(3)(b). "A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10). The court rule plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). Therefore, "[i]f the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Franchino v Franchino*, 263 Mich App 172, 181; 687 NW2d 620 (2004).

"Michigan's Use Tax Act (UTA) imposes a 6% tax on a consumer's use, storage, and consumption of all tangible personal property in Michigan." *Andrie Inc v Treasury Dept*, 496 Mich 161, 164; 853 NW2d 310 (2014). See also MCL 205.93. Nonetheless, the "UTA exempts the use of property from imposition of the use tax when the sales tax[1] was due and paid on the retail sale to a consumer." *Id*. (internal citation, block notation, and quotation marks omitted). See also MCL 205.94. "The legal incidence of the use tax falls upon the consumer or purchaser." *Combustion Engineering, Inc v Dep't of Treasury*, 216 Mich App 465, 468; 549 NW2d 364 (1996). Therefore, "when the retail seller does not admit that sales tax was collected or paid on a particular sale of tangible personal property, the user of that property must show that it paid sales tax on the purchase of that property before the user can claim an exemption from the use tax." *Andrie*, 496 Mich at 165.

The UTA imposes upon taxpayers an obligation to keep records "sufficient" for the department to determine the tax owed. MCL 205.104a(2), (7)(b). If a taxpayer fails to keep sufficient and accurate records, "the department may assess the amount of the tax due from the taxpayer based on an indirect audit procedure or any other information that is available or that may become available to the department." MCL 205.104a(4). The resulting assessment "is considered prima facie correct" and therefore "the burden of proof of refuting the assessment is upon the taxpayer." MCL 205.140(a)(4).

This case involves a straightforward application of the UTA's audit mechanisms. It is undisputed that plaintiff did not remit any sales or use tax between 2009 and 2013. Yet, plaintiff's federal tax returns and records of its expenditures indicate that plaintiff used or consumed goods for which a sales or use tax was due. Given several flaws in plaintiff's recordkeeping, defendant was unable to verify that plaintiff was exempt from paying use tax for the audit period. Accordingly, defendant employed an indirect audit method, working backwards from plaintiff's expenditures and exempting from the use tax those items which plaintiff could show were outside the purview of the UTA or subject to one of its exemptions. Defendant, however, could not verify that all of plaintiff's expenditures were exempt. Therefore, defendant assessed a use tax on those portions of plaintiff's expenditures that plaintiff's records did not account for.

---

[1] The General Sales Tax Act imposes a "6% tax on a retailer's gross proceeds, to be remitted by the retailer to the Department of Treasury." *Andrie*, 496 Mich at 164-165. See also MCL 205.52(1).

The results of defendant's indirect audit are "prima facie correct." MCL 205.140(a)(4). Therefore, plaintiff bore "the burden of proof of refuting the assessment." MCL 205.140(a)(4). Plaintiff attempted to refute the assessment by showing that, generally, its contracts with subcontractors required the subcontractor to pay sales tax on the items purchased. Plaintiff, however, provided no evidence indicating that any subcontractor actually paid sales tax on the expenditures at issue. Accordingly, because plaintiff failed to show that the subcontractor paid the required sales tax, plaintiff failed to establish that it was exempt from paying use tax. *Andrie*, 496 Mich at 165. Similarly, assuming *arguendo* that plaintiff is correct that property consumed by a subcontractor is not subject to the use tax, see Revenue Admin Bull 2016-18,[2] plaintiff failed to provide any documentation indicating what portion of the property was consumed by the subcontractors. Finally, although services are not subject to the use tax, see *Catalina Marketing Sales Corp v Dep't of Treasury*, 470 Mich 13, 19; 678 NW2d 619 (2004), plaintiff failed to provide any documentation indicating what expenditures were related to the provision of services, rather than the procurement of goods. Thus, because plaintiff failed to set forth any evidence refuting defendant's assessment, the trial court properly granted summary disposition to defendant. MCL 205.140(a)(4); *Maiden*, 461 Mich at 121.[3]

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford

---

[2] Revenue Admin Bull 2016-18, p 5 ¶ G provides:

> A general contractor is not jointly and severally liable for sales or use tax on materials consumed by an independent subcontractor. If a general contractor hires a subcontractor, and the subcontractor consumes property by affixing it to real estate without properly paying its sales and use tax liability on the property, the general contractor is not liable for the subcontractor's failure because it is the subcontractor that is the consumer of the property.

[3] To the extent that plaintiff has provided documentary evidence on appeal delineating the expenses for which the UTA does not apply, because this evidence was not provided to the trial court, we decline to address it. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).